FRANK PARMELEE *et al.*, Appellants, *v.* ALVIRA F. SMITH, Appellee.

APPEAL FROM COOK.

A verdict of guilty in an action of assumpsit, though not strictly technical, may be put in form by the court, or, if not objected to, will be held sufficient.

The parent of a minor is the owner of the clothing furnished for the use of the child, and may recover for its loss or destruction.

THIS was an action of assumpsit brought against Frank Parmelee and others, as common carriers, to the October term, 1857, and was tried before MANNIERE, Circuit Judge, and a jury, at the June special term of said court, 1858.

The declaration contains four counts, charging the defendants as common carriers, and the common counts.

The first count alleges in substance, that the defendants were common carriers in the city of Chicago, of goods, etc., for hire, in and by certain carriages and omnibuses, from a certain place, to wit: the Michigan Southern and Northern Indiana Railroad Depot, to a certain other place, to wit: the Milwaukee Boat. That the plaintiff, Alvira F. Smith, on the 1st day of September, 1856, certain goods and chattels, to wit: one silk dress, two colored muslin dresses, two Swiss muslin dresses, one barege dress, two basques, one white merino cape, one bonnet, one embroidered handkerchief, one plain handkerchief, one fan, twelve pairs of stockings, one lot of underclothes, twelve collars, etc., of .the plaintiff, of the value five hundred dollars, to be taken care of and safely, etc., carried and conveyed by the

Parmelee et al. *v.* Smith.

defendants to the Milwaukee boat aforesaid, and safely delivered to the plaintiff, and in consideration thereof, etc., the defendants undertook and faithfully promised the plaintiff safely, etc., to carry said goods and chattels from said Michigan Southern and Northern Indiana depot to the Milwaukee boat, and there safely deliver the same to said plaintiff; that defendants did not take care of said goods, or deliver the same, and that they became lost, etc.

The other counts are similar to the first, and for goods of the same description.

Defendants pleaded *non assumpsit.*

On the trial of the said cause the plaintiff's counsel read in evidence the deposition of *Kate C. Smith*, who testified in substance as follows:

That she was the daughter of plaintiff, and that in the latter part of August, 1856, she resided with her brother, Winfield Smith, in Milwaukee, and the fore part with her mother in Michigan; that in the fore part of August, she (witness) started from her mother's house in the city of Monroe, Michigan, and had with her, as baggage, a common sized leather russet trunk filled with wearing apparel and some school books, and traveled by the Michigan Southern road to Chicago; that she had a check for her trunk from the said railroad, and gave it up to the agent of the omnibus line in Chicago.

That she received an omnibus line ticket from the agent of the omnibus line, and gave him her railroad check; that the baggage she did not find on the steamboat, nor receive at any time afterwards.

She further testified that she was fifteen years of age.

In answer to cross-interrogatories, she said that she was going to Milwaukee alone; that the articles were put into said trunk at her mother's house, the day and evening before she started for Milwaukee, and that the last she saw of the trunk was the next day at Adrian, Michigan, where it was changed from the Monroe train, which stopped at Adrian, on to the train from Adrian to Chicago.

That the articles were mostly purchased for her, and were generally used by her, and were exclusively in her possession after leaving home. The articles were generally clothing and necessary articles of wearing apparel in traveling, except the few school books named in the list. There was no merchandize or other property in the trunk, except as stated, and nothing she could recollect except those enumerated in said list, *and nothing belonging to any one except herself, as stated.*

Plaintiff also read the deposition of *Evaline Smith*, who testified that she was a sister of Kate C. Smith.

That Kate left Monroe, in Michigan, in August, 1856, to go to Milwaukee, taking her baggage, being clothing and other articles in a trunk ; that witness packed the trunk and testified to the value of the articles. That Kate C. Smith was fifteen years old, and that the plaintiff was her mother.

In answer to the third cross-interrogatory this witness further testified, she (Kate) had the articles above described, besides some in her carpet bag ; *and they were all, or mostly all made or purchased for her use;* the pictures were family Daguerreotypes. I cannot state how long the different articles had been used ; *all the articles had been used by Kate, my sister, more or less, and they were exclusively in her charge, and were generally articles of apparel and ornament, for her, necessary in traveling;* none of them were merchandize or other property, carried or had in charge for any body besides herself.

The plaintiff was in Milwaukee and witness in Monroe, when Kate left.

There was no other evidence given.

The following was the verdict of the jury :

" We, the jury, find the defendants guilty, and assess her damages at one hundred and forty-six dollars and ninety-one cents."

The defendants thereupon moved the court to set aside the said verdict, and for a new trial ; which motion the court denied, and the defendants excepted.

Judgment was rendered upon the verdict, and defendants appealed to this court.

Errors assigned :

*First*—The court erred in refusing the said instruction.

*Secondly*—The court erred in refusing to set aside said verdict and to grant a new trial.

*Thirdly*—The court erred in giving judgment against the defendants.

SCATES, MCALLISTER & JEWETT, for Appellants.

E. AND J. VAN BUREN, for Appellee.

WALKER, J. It is insisted that it is error to render judgment on a verdict in an action of assumpsit which finds the defendant *guilty*, and assesses the plaintiff's damages. The verdict is not strictly formal and technical, but is it substantially sufficient to support the judgment ? As a general rule, a verdict, although not formal, will be held sufficient if the court can, from its language, ascertain what was found, and it is in substance responsive to the issue tried, and it will be put in form so as to serve

the justice of the case. In this case it is apparent that the jury intended to find, and supposed they had found, the issue of assumpsit for the plaintiff. And although not in form, it substantially finds that the defendants did promise, and had failed to pay, as alleged in the declaration. When they "find the defendants guilty," and assess the plaintiff's damages the verdict could only refer to the alleged promise and failure to pay, for which they were sued, and is, we think substantially a sufficient finding. Had the attention of the court been called to the verdict, the clerk would have been required to reduce it to form, and by doing so, no error would have been committed. But no objection was taken to the verdict on the motion for a new trial, in the court below, and the objection comes too late when made for the first time in this court. *Schlenker* v. *Risley*, 3 Scam. R. 483.

The refusal of the court below to give this instruction, is assigned as error:

"If the jury believe, from the evidence, that the plaintiff is the mother of the witness, Kate Smith, and the clothing and apparel in question had been furnished by the plaintiff, and given to and put into the possession of the said Kate, to be kept by her, for her use as her own, and were so in the use of said Kate, at the time of delivering the same to the defendants, and that the plaintiff was not present, at the time of such delivery, and was not carried by the defendants, or agreed to be carried by them, then the plaintiff cannot maintain this action for the loss of the same articles, although the jury also believe that the said Kate was a minor at the time of such delivery."

This instruction is based upon the hypothesis, that wearing apparel furnished by the parent to his child, for its support, becomes the absolute property of the latter. That a minor may hold property by donation, by devise, or by legacy, there can be no doubt. But the property to become vested in the minor, must be given with the intention, and for the purpose of having that effect. If only given for a limited or specific purpose, it cannot be otherwise appropriated. So the use alone, may be given for a temporary purpose, with the right of resuming its possession at pleasure. And the intention with which it was given, may be shown by circumstances. When parents furnish their minor children with clothing, it is not that they shall have the absolute, unlimited control of it, to sell, give away, or destroy at pleasure, but it is, that they may enjoy the use of it during the will of the parent. The right of property and possession still remains in the parent, and its possession may be resumed at any time, when desired. The duty of a parent to support his minor child, most clearly gives the right to control

the means which he may see proper to employ. And in discharging that obligation, the means he may employ still remain his, and when employed for that end, they do not thereby become the property of the child. Not only the wearing apparel thus furnished, but the services and earnings of the minor child, belong to the parent. His obligation to support his offspring, entitles him to these, and it is inseparable from the duty, and it has existed, and been fully recognized in all conditions of society, and in every stage of the civilization of our race. The duty of supporting the idle and prodigal child, without the power of controling the means, has never been recognized either as a moral or legal duty. We have been referred to no adjudged case which sustains the position contended for, and it is believed that none exists. But property given to a minor by the parent or any other person, with the intention that the ownership of the child should be absolute, would be governed by different principles.

The evidence in this case shows that the property sued for, was the wearing apparel and school books, used by the child for the usual and ordinary purposes. There is no evidence in the record, tending to show, that those articles were not furnished by the appellee, and the child having left the home of her mother on this occasion, the presumption is that they had been furnished by the mother. And if the daughter was under the control of, and resided with her mother, she must be presumed to own the property, and have had the right of reducing it to her actual possession at will, and the child in placing the property in the hands of appellant to transport to the place desired, only acted as the agent of the mother, and she was entitled to recover for its loss. The instruction was properly refused, and no error is perceived in the record.

The judgment of the court below is affirmed.

*Judgment affirmed.*