WILLIAM MAGEE

*v.*

WILSON MAGEE.

65  255.
42a 261

65    255
111a ³221

1.  PARENT AND CHILD—*parent's right to child's earnings.* The father is entitled to the wages and ordinary earnings of his minor son, unless such right has been voluntarily relinquished, or forfeited by some act on the part of the father. The rule grows out of the obligation of the father to maintain, support and educate his minor son.

2.  SAME—*parent not entitled to gifts or extraordinary gains of his son.* While the father may rightfully receive to his own use all the wages or money which his minor son may acquire for his labor or service, he is not entitled to any extraordinary gains the latter may acquire out of the usual course of his service.

3.  No rule of the common law is better settled than that a minor may take property, real or personal, by gift, donation, devise or legacy, and hold the same independently of his father. Whatever the infant acquires which does not come to him as a compensation for services rendered, belongs absolutely to him, and his father can not interpose any claim to it.

4.  SAME—*father has no right to son's bounty.* Where a bounty was given to a minor to procure his enlistment in the military service of the United States, and paid to the father, *held*, that such bounty was not the ordinary gains of the son in any service, but a mere gift, and that the father was not entitled to retain the same as against his son.

5.  Mr. CHIEF JUSTICE LAWRENCE and JUSTICES WALKER and SHELDON dissent, holding that the so-called bounty was not a gift or gratuity, in the true meaning of those terms, but a compensation for services to be rendered, and therefore belonged to the father of the minor.

APPEAL from the Circuit Court of Winnebago county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. JAMES M. WIGHT, for the appellant

Messrs. LATHROP & BAILEY, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The errors assigned on the rulings of the court in giving and refusing instructions, raise all the questions deemed material to the decision of the case.

The action was brought by appellee, who is the son of appellant, to recover a sum of money which it is alleged appellant received to his use in the spring of 1865.

The authorities of the county of Cook, and of the 9th ward of the city of Chicago, in consideration that appellee would enlist in the military service of the United States, agreed to and did pay him $450, which sum was paid over to appellant, and is the money now in controversy.

It is not denied that appellant received the bounty of appellee about the time he enlisted, in 1865, but the defense sought to be interposed to the action is, that appellee, at the date of his enlistment, was a minor under the age of eighteen years, and that appellant, as his father, was entitled to his earnings during his minority, and the bounty paid to him was in fact earnings, and hence it is said no action can be maintained.

It is a familiar principle, that a father is entitled to the wages and ordinary earnings of his minor son, unless such right has been voluntarily relinquished, or forfeited by some act on the part of the father. The rule rests on the theory that, during minority, his father is under obligations to take care of, clothe and educate his minor son, and, in consideration thereof, he is entitled to receive whatever wages the son may earn during that period.

While the father may rightfully receive to his own use all the wages or money which the son may acquire for his labor or service, he is not entitled to any extraordinary gains which the minor may acquire out of the usual course of his service.

The case of *Carson* v. *Watts*, 3 Doug. 350, was an action by the master to recover prize money gained by an apprentice serving on board a letter of marque ship, and it was held that the master could not recover, on the ground that it was not the ordinary earnings of the apprentice.

Whatever may be the true definition of the money in this instance, whether it was earnings or mere bounty, it was certainly not the ordinary gains of the son in any service, and

under the rule in *Carson* v. *Watts, supra,* would not go to the father.

No rule of the common law is better settled than that a minor may take property, real or personal, by gift, donation, devise or legacy, and hold the same independently of his father. *Parmelee et al.* v. *Smith,* 21 Ill. 620.

The money which is the subject of this action, is what it purports to be—*bounty.* It was not wages, in the ordinary meaning of that term. It was given to appellee to induce him to enter the military service of the United States for a certain fixed compensation.

Anything that is a mere gratuity, a gift, to a minor, not compensation for services, belongs absolutely to him, and his father may not withhold it.

An illustration may be given: If a person involved in sudden peril should be rescued by a minor, and such person should bestow upon him a munificent reward, surely his father could not claim it on the ground it was compensation for services.

In *Banks* v. *Conant,* 14 Allen, 497, it was said by the court: "Whatever, therefore, an infant acquires which does not come to him as a compensation for services rendered, belongs absolutely to him, and his father can not interpose any claim to it."

The case last cited is analogous to the one at bar, and it was there held that bounty paid to a minor to induce him to enlist in the military service, belonged to such minor, and his father could not recover it.

In this instance the money was not given to appellee in consideration of services rendered or to be rendered, for he might have been discharged on the next day after he was mustered into the service, on account of sudden inability to serve longer, and he would still have been entitled to retain his bounty.

The instructions given on behalf of appellee embody, in substance, the principles stated, and were such as the character of the case required.

17—65TH Ill.

There was no error in the court in refusing to give instructions that asserted a contrary doctrine, and the judgment must be affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE LAWRENCE, Mr. JUSTICE WALKER, and Mr. JUSTICE SHELDON, dissent, holding that the so-called bounty was not a gift, or gratuity, in the true meaning of those terms, but a compensation for services to be rendered, and therefore belonged to the father of the minor.