### Jonie W. Scott v. Minnie L. Scott.

1. JUDGMENT—*when a, contrary to law will not be disturbed.* A party cannot complain of a judgment upon the ground that it is contrary to law if he has caused an issue to be submitted to the jury, which the jury were justified in finding against him.

Action of replevin. Appeal from the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed November 9, 1903.

WHITLOCK & HAIRGROVE and LAYMAN & MORRISEY, for appellant.

CHARLES A. BARNES and JOHN A. BELLATTI, for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This is a replevin suit between father and a minor daughter to determine the title and right of possession of a piano. The child won in the court below and the father brings the case to this court by appeal.

From the record it appears that when appellee was about thirteen years of age her father and mother were divorced. The daughter remained with the father. The piano in question was then purchased and used by the girl until her father married a second time. The daughter claims she

was obliged to leave her home. Her father refused to permit her to take the piano. This suit followed.

The evidence fully justified the jury in finding that the father gave the piano to his daughter. But it is contended that notwithstanding that fact, the father had the right to revoke the gift at any time during the minority of the child. To sustain this contention our attention is directed to Cranz v. Kroger, 22 Ill. 74, where the court said: "It cannot be denied, that a parent may give an article of personal property to his infant child, and resume the gift, without the consent of the child, and sell it. This power arises from the position of the parties, and from the principle of control a parent can exercise over his infant child, and all that belongs to it." Counsel for appellee claim that the foregoing rule is not the law and in support of their contention refer the court to Parmelee v. Smith, 21 Ill. 620; Magee v. Magee, 65 Ill. 255; 14 Eng. Law (2d Ed). 1035; Love v. Francis, 63 Mich. 191; and Eckert v. Gridly, 104 Ill. 306. It is unnecessary to determine this contention.

The first instruction given to the jury at the instance of appellant is as follows:

"Although the jury may believe from the evidence that the defendant said he had purchased the piano for his daughter, the plaintiff, still, unless the evidence further shows that he gave her the piano with the intention that she should own it absolutely and surrendered all control over it, then you should find for the defendant."

By this instruction, appellant requested and the court told the jury that they should find for the plaintiff if they believed from the evidence that the defendant surrendered control of the piano to the plaintiff as a gift and with the intention that she should own it absolutely. The appellant thus submitted an issue by which the jury might determine the ownership of the property in the plaintiff. Under this instruction and the evidence the jury was justified in finding the issue for the plaintiff. Having tendered the issue the defendant must abide the consequences. He cannot now be heard to say that the law stated in his instructions is incorrect.

Upon an examination of the entire record we find no reversible error.    The judgment of the Circuit Court was right and will be affirmed.

*Affirmed.*