(No. 34867.—

John McGhee *et al.*, Appellees, *vs.* Fannie Forrester, Appellant.

*Opinion filed November 26, 1958.*

RAY STROUD, of Altamont, and PYLE & McCALLISTER, of Carmi, for appellant.

KERN AND PEARCE, of Carmi, for appellees.

Mr. CHIEF JUSTICE DAILY delivered the opinion of the court:

This is an appeal by the defendant, Fannie Forrester, from a decree of the circuit court of White County quieting title to a 15-acre tract in the plaintiffs John and Alta McGhee. A freehold is involved.

The facts are not in dispute. Robert Bryant owned the tract in question for a number of years prior to 1926 and was the father of Charles Bryant, Clyde Bryant, Alta McGhee and Fannie Forrester. By a warranty deed dated only "January — 1926," Robert Bryant, then a widower, conveyed the premises to his two sons, Clyde and Charles, for a recited consideration of $20, and reserved a life estate therein. This deed was signed by the grantor's mark in the presence of two witnesses, and was acknowledged before a notary public on January 26, 1926. The deed next came to light in May, 1945, when one Bart Bayley, the son-in-law of the notary who took the acknowledgment, handed it to the wife of Charles Bryant. The latter then took it to his brother, Clyde, who filed it for record on May 28, 1945, within a few days after receiving it. At that time Robert Bryant was still alive and resided with Clyde, a short distance from the tract in question. On December 6, 1945, Charles and Clyde Bryant, joined by their wives, executed a deed to plaintiffs, Alta McGhee and John McGhee, her husband, subject to the life estate of Robert, and in consideration of the grantees' promise to support Robert for the remainder of his life and to share in his funeral expenses. A deed to correct an error in description was executed on May 16, 1950, and both deeds were promptly recorded after execution. Robert Bryant died

August 15, 1946, and it appears that he lived with and was supported by the McGhees from the time they acquired their deed until his death.

This present action was provoked by claims of defendant, Fannie Forrester, Robert Bryant's other daughter, to 1/4 of the surface and 1/10 of the mineral interest in the land by inheritance from her father, based on the theory that the deed of January, 1926, executed by Robert was void because there had been no valid delivery. The disposition of 3/5 of the minerals (the fractional amount which reduced defendant's claim from 1/4 to 1/10 is not in issue.

Plaintiffs' amended complaint alleged the execution and recordation of the 1926 deed, the execution and delivery of the deed and corrective deed to them, the claim of the defendant, and prayed for a decree removing her claim of title, together with certain oil and gas leases executed by her, as clouds upon their title. A general-denial answer was filed by the defendant, together with a pleading entitled "cross complaint." In the latter she admitted the execution of the deed in question, stated that the deed was never delivered but that it was left with William Pickles who died April 15, 1945, and that it was found among Pickles' effects and turned over by the son-in-law to Charles Bryant without authorization. It was also alleged that she joined the plaintiffs in a mineral deed to Ray A. Rothlei in 1941, that the original complaint herein was against Rothlei, that he reconveyed to plaintiffs and that they hold 1/10 interest in the minerals in trust for her. An answer to the counterclaim denied the material allegations thereof and set up as a special defense the Statute of Limitations.

This case presents an unusual set of circumstances in that the grantor, the notary, the two witnesses, and the deliverer of the deed were all dead at the time of the hearing. Furthermore, Clyde and Charles Bryant and Charles's

wife, Erlene, denied any knowledge of the deed prior to the time it was handed to Erlene, and the two brothers testified that they never mentioned it or its recording to their father thereafter.

There is a presumption of delivery of a deed executed, acknowledged and recorded during the lifetime of the grantor. This presumption may be rebutted, but the party questioning the delivery must assume the burden of overcoming the presumption by clear and convincing evidence. (*Campbell* v. *Campbell*, 368 Ill. 202; *Witt* v. *Panek*, 408 Ill. 328.) The presumption is even stronger in cases of voluntary settlement than in ordinary transfers. (*Fonda* v. *Miller*, 411 Ill. 74; *Clodfelter* v. *Van Fossan*, 394 Ill. 29.) Here the execution of the deed is admitted and there is no direct evidence or declaration of intention by the grantor with respect to withholding delivery to overcome the presumption.

One circumstance which the defendant relies upon is the retention of possession by her father after the execution of the deed. There is no proof of exclusive possession by him in the record. Plaintiffs lived upon the land before the recording of the deed, while Robert, a widower, lived with Clyde Bryant, one of the sons to whom the deed was made, a short distance away. After the conveyance to the McGhees he moved in with them on the tract, and the undisputed evidence was that he was cared for and supported by the McGhees from thence until his death. Even if he had exclusive possession, the presumption still prevailed, and it gains strength from the fact that the grantor reserved a life estate. It must be presumed that it was his intention that the deed in which the life estate was reserved was to have immediate effect, otherwise there would be no necessity for the reservation. (*Baker* v. *Hall*, 214 Ill. 364; *Buck* v. *Garber*, 261 Ill. 378; *Riegel* v. *Riegel*, 243 Ill. 626.) Thus, retention of possession was consistent with

the interest he reserved and the presumption of delivery.

Two unexplained mineral deeds were offered as another circumstance to indicate the grantors' intention that there was no delivery. One was made by Robert Bryant, dated March 3, 1941, and purported to convey an undivided 1/2 interest in the oil, gas and other minerals underlying the subject tract. The other was dated April 18, 1941, was signed by Robert Bryant and the McGhees, and conveyed an undivided 1/10 interest in such oil, gas and other minerals. No proof was offered as to the execution or the reason for either deed. In fact, they were offered without explanation or proof and admitted in evidence over the objection of plaintiffs. The legal effect of these deeds is not in issue and the grantees therein are not parties. Apparently they were offered as further acts of dominion by the grantor subsequent to the 1926 deed and prior to its recording.

It has been held that where a grantor continues to live on land previously conveyed, and exerts dominion and control by payment of taxes and the like, such acts create but a slight inference against the presumption. (*Standard Trust and Savings Bank* v. *Carlson,* 315 Ill. 451; *Witt* v. *Panek,* 408 Ill. 328.) Similarly, the conveying or attempting to convey an interest in land subsequent to the execution of a deed to the whole interest, when totally unexplained as in this case, does not create an inference sufficiently strong to prove lack of intent to deliver.

We cannot agree with the defendant that great significance attaches to the fact that the record discloses no knowledge by the grantor of possession of the deed by grantees or its subsequent recordation. Once a deed has been executed and leaves the possession of the grantor, he has no further authority over it, and his consent is not required to authorize a grantee to record the deed unless there is an agreement to the contrary. (*Spencer* v. *Razor,* 251 Ill.

278.) The presumption prevails unless and until there is valid and convincing proof sufficient to overcome it.

The numerous cases cited by defendant may be divided into several categories. Many, such as *Stanford* v. *Stanford,* 371 Ill. 211, *Creighton* v. *Elgin,* 387 Ill. 592, *Selby* v. *Smith,* 301 Ill. 554, and *Deitz* v. *Deitz,* 295 Ill. 552, deal with cases where the deed was not recorded in the grantor's lifetime. They are not helpful because a different presumption prevails. Others, including *Klajbor* v. *Klajbor,* 406 Ill. 513; *Seibert* v. *Seibert,* 379 Ill. 470; *Evans* v. *Tabor,* 350 Ill. 206, holding that retention of possession by the grantor after a deed is made is a circumstance to be considered on the question of delivery, are distinguishable since none of them involved the reservation of a life estate by the grantor. Still others were held to be testamentary dispositions. We have carefully studied all the authorities cited, but none impinge upon the presumption of delivery and the placing of the burden of proof upon the defendant.

We are of the opinion that the presumption of delivery of the deed has not been overcome by the clear and convincing evidence required of the defendant and that she has not sustained the burden of proof imposed upon her. In view of this holding it is unnecessary to consider plaintiffs' special defense of the Statute of Limitations to defendant's counterclaim.

The decree of the circuit court of White County is affirmed.

*Decree affirmed.*