(No. 35738.—

Chicago Land Clearance Commission *vs.* Mamie Yab-long *et al.*—(Mary Loftus, Appellee, *vs.* George W. Loftus *et al.*, Appellants.)

*Opinion filed September 29, 1960—Rehearing denied Nov. 30, 1960.*

IRVING BREAKSTONE, of Chicago, for appellants.

WILLIAM L. KELLEY, of Chicago, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

In 1959 the Chicago Land Clearance Commission instituted condemnation proceedings against George W. Loftus' and others to acquire ownership of a residential lot in Chicago, improved with a brick dwelling. In this action, Mary Loftus, mother of George, filed a petition seeking to be declared the owner of the condemned premises and entitled to the proceeds of the condemnation award. This appeal is from a decree of the circuit court of Cook County quieting title in the petitioner and granting to her the entire judgment award of $21,000.

The petition of Mary Loftus alleged the execution and recording of a deed to her son George Loftus and his wife, Louise, on October 27, 1942. In a deposition, which was admitted by stipulation, she testified that she was 83 years old at the time of the deposition, that she did not remember making the deed, and that she did not intend to give the

property to her son George. She offered no explanation concerning the execution of the deed. George Loftus testified that his mother was the owner of several parcels of real estate in 1942, that she made a voluntary settlement of the property to him and his wife, and that they, in turn, had permitted his mother to retain possession and collect the rentals.

Mary contends that no gift was intended by the conveyance and that her execution and recording of the deed did not constitute a gift. She further contends that because of the mother-son kinship, the disparity in their ages and her ill health, that a confidential or fiduciary relationship existed and that a constructive trust was established by the subsequent abuse of the confidence reposed in George.

The law is settled that a parent may make a valid gift of land to a child (*Barnes* v. *Banks,* 223 Ill. 352) and no valuable consideration is required to render it effective and binding upon the grantor. (*Spencer* v. *Razor,* 251 Ill. 278.) A deed executed and delivered in accordance with the formalities of law becomes at once binding and effective and thereafter is irrevocable and unchangeable. (*Klouda* v. *Pechousek,* 414 Ill. 75; *Heiligenstein* v. *Schlotterbeck,* 300 Ill. 206.) Recording of the deed is *prima facie* evidence of its delivery, and appellee, in questioning the fact of delivery, has the burden of overcoming the presumption by clear and convincing evidence. (*McGhee* v. *Forrester,* 15 Ill.2d 162; *Stenwall* v. *Bergstrom,* 405 Ill. 281; *Finley* v. *Felter,* 403 Ill. 372.) Mary's bare denial of an intention to make a gift, coming at a time when she stands to gain the proceeds of the condemnation award and some 17 years after the deed was recorded, does not overcome the presumption. She cannot prevail against the positive evidence that the gift was consummated by the execution and delivery of the deed. *Fonda* v. *Miller,* 411 Ill. 74; *Potter* v. *Barringer,* 236 Ill. 224.

It is correctly pointed out that when a confidential or fiduciary relationship exists whereby a dominant or superior party gains an inequitable benefit by an abuse of such relationship, a basis exists for fastening a constructive trust on property wrongfully acquired thereby. (*Anderson* v. *Lybeck*, 15 Ill.2d 227; *Stephenson* v. *Kulichek*, 410 Ill. 139; *Kester* v. *Crilly*, 405 Ill. 425.) However, a fiduciary relationship does not exist between a mother and son as a matter of law. (*Klass* v. *Hallas*, 16 Ill.2d 161.) To set aside a conveyance because of a fiduciary relation requires proof of facts establishing such a relationship by evidence that is clear and convincing and so strong, unequivocal and unmistakable as to lead to but one conclusion. (*Stewart* v. *Sunagel*, 394 Ill. 209; *McGlaughlin* v. *Pickerel*, 381 Ill. 574; *Johnson* v. *Lane*, 369 Ill. 135.) There is no satisfactory evidence of the existence of a confidential or fiduciary relationship. Furthermore, there is no inference of fraud, undue influence, overreaching, compulsion or other fact justifying the conclusion that appellants held title in trust for appellee.

There appears in the record a form of deed to the premises wherein Mary Loftus is grantee and George W. Loftus and Louise Loftus are grantors. It is dated "October —, 1956," the acknowledgment is dated December 23, 1956, and it bears the signature of the notary public. In addition, the name "Louise Loftus" is written in the acknowledgment with ink, whereas the remainder of the blanks are completed with a typewriter except the day and month and notary's signature. Mary said the signatures of George W. and Louise Loftus were placed on the face of the deed by them. Each denied having signed on the face. Louise Loftus testified that she did sign her name in the acknowledgment. Linton Godown, an examiner of questioned documents, gave a positive opinion that the signatures on the face were not theirs but that the one on the back was that

of Louise. The notary, who was not commissioned until March, 1957, saw none of the signatures placed on the documents and could not identify the man and woman who appeared before her as George and Louise Loftus. She said both dates were wrong and that the acknowledgment was completed on December 23, 1957. In the state of this record the 1956 deed is insufficient to convey any title. It is void and must be set aside and held for naught.

The decree of the circuit court of Cook County is reversed and remanded with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*