JAY RICKE, a minor by and through his mother and next friend, HELEN RICKE, Plaintiff-Appellee, *v.* CYRIL RICKE, Defendant-Appellant.

(No. 70-61; ■■■■■■■■

Second District—November 18, 1970.

Edward Van De Houten, Jr., of Glen Ellyn, for appellant.

Erlenborn, Bauer & Hotte, of Elmhurst, for appellee.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

This appeal arises from replevin action brought by a minor son (plaintiff) against his father (defendant). After a bench trial, the court found in favor of the son and the father appeals.

In June of 1968, the son had graduated high school and was in the custody of his father under a court order. The son wanted to go to a local college but needed an automobile for transportation. An arrangement was made between the father and son whereby the son would seek employment and turn over to his father one-third of his earnings for board and room and one-third for school. The son was to retain the remaining one-third for his personal needs. By December 1, 1968, the son had given his father a total of $1097.00.

Together they went to an automobile agency. A car was purchased for $1092.00 and the title placed in the father's name. The son testified that his father had told him that if he went to college, the car would be his. The father testified that he had agreed to get the son a car for his use as long as he went to college and lived up to the rules and regulations of the house.

The son entered college in December of 1968 and continued until November, 1969. From December until the following June, the son had exclusive use of the car in going to and from college and work. He maintained the car during this period. On June 7, 1969, the father went to the son's place of employment and told the son that he had not done

what he was told to do around the house, that he should pick up his clothes, that he was through in their house and that he was going to take the car away from him. The father then pulled the ignition wires from the car.

The son went to the house and found all of his belongings on the front porch. Three days later, the father returned to the son's place of employment and took the car with the son's belongings therein. The son testified that two days later he endorsed his paycheck and sent it to his father because he owed him for gas and/or for his contact lenses; that he called his father that evening in an effort to get his clothing back but his father said he would talk about that when the son paid up his bills. He told his father he had sent him his paycheck and the father replied, "too bad"; that since that time he has heard nothing.

The son commenced a suit in replevin to recover the automobile. At the conclusion of trial, the court ordered the father to transfer legal title and possession of the car to the son on the basis that the evidence disclosed the automobile was a gift from the father to the son.

On appeal, the father contends that a son may not sue his father in tort and that the trial court's decision was against the manifest weight of the evidence.

■■ As to the first contention, we have read the entire record but fail to find this point raised either in the pleadings or in the transcript. A contention not presented in the trial court is waived and cannot be raised for the first time on review. This proposition of law has been repeated so often that citation of authority is unnecessary.

■■ On the second contention, it is argued that the record title to the automobile was shown to be in the name of the father; that this is a conclusive presumption that could not be rebutted by the son's parole evidence. We disagree and conclude, from the evidence, that the documentary title was held as a matter of convenience by the father for the benefit of his son.

It is further argued that "the father does not admit that he made a gift of the car", but our attention is first directed to the answer of the father where he "admits making a gift to Plaintiff of a 1965 Mustang automobile conditioned, however, upon Plaintiff's continuance in school and continued good behavior."

The father, in his briefs, claims that his son "quit school." Nowhere does the evidence substantiate this statement as of the time suit was commenced. The testimony of the son discloses that he was in school until two weeks prior to trial, at which time the car he was using broke down; he was, therefore, unable to continue his attendance.

As to "continued good behavior," there is no evidence in the record

to define what was meant by good behavior or in what manner the son had misbehaved. Actually, the fathers testimony coincided with that of his son in almost every instance.

As pled in the answer, the conditions of the gift amounted to affirmative defenses which were entirely unsupported by the evidence and left the trial court without any alternative but to find that an absolute gift had been made by the father to the son.

The father finally argues that a parent may take back property previously given to a minor child and cites *Cranz v. Kroger* (1859), 22 Ill. 74. We refer the defendant to *Magee v. Magee* (1872), 65 Ill. 255, 257 and *Scott v. Scott* (1903), 111 Ill.App. 220.

██ In conclusion, we are of the opinion that the trial court, as the trier of facts, properly decided the issues and its decision was not against the manifest weight of the evidence. The judgment is, therefore, affirmed.

Judgment affirmed.

DAVIS, P. J., and ABRAHAMSON, J., concur.