DIANE L. BUCZKOWICZ, Plaintiff-Appellee, v. ALBERT LUBIN et al., Defendants-Appellants.

Third District   No. 79-196

Opinion filed January 15, 1980.—Rehearing denied February 14, 1980.

Thomas E. Cowgill, of Cirricione, Block, Krockey & Cernugel, P. C., of Joliet, for appellants.

Kelly, McSherry & Nudo, of Joliet, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Will County in favor of plaintiff-appellee Diane Buczkowicz and against defendants-appellants Ruth and Albert Lubin. Plaintiff brought an action in replevin to recover possession of a certain Shetland sheepdog that was in the care and custody of the defendants after their refusal to return the dog to her. Plaintiff alleged sole ownership. Defendants denied this, alleged joint ownership and filed a counterpetition for injunctive relief requesting the trial court to restrain and enjoin plaintiff from violating the terms of a certain oral agreement and from withdrawing the dog from Illinois. The trial court, sitting without a jury, found Buczkowicz to be the sole owner of the dog, entitled to its possession, and dismissed the counterpetition for want of equity. We affirm.

Ruth and Albert Lubin raise, breed, show, stud and judge dogs as a hobby. Mr. Lubin is licensed by the American Kennel Club as a judge at dog shows. On May 14, 1974, a litter of pups of the Shetland sheepdog breed was born at the Lubins' kennel. One of these pups, "Tuf", was sold some weeks later to Diane and John Buczkowicz, who raised Tuf to maturity. In the meantime, Mr. Buczkowicz died and was not involved in the events leading up to the lawsuit.

In July 1978, Mrs. Buczkowicz asked the Lubins to board Tuf at their kennel while she was in Florida for a vacation. While she was in Florida, the Lubins determined that Tuf had great potential as a show dog and called in Joe Malloy, a professional dog trainer and handler, to evaluate the dog. Malloy agreed that the dog had potential and agreed to work with the dog, should the Lubins secure permission from Mrs. Buczkowicz to allow him to do so. Toward the end of July, Mrs. Buczkowicz returned for Tuf. At that time Mr. and Mrs. Lubin approached her and asked if they could show the dog. Mr. Lubin explained that if the Lubins were going to have anything to do with showing the dog, either he or Mrs. Lubin would have to "own the animal" because American Kennel Club rules do not permit a judge at dog shows to show any animal unless the judge has an ownership interest in the animal. A few days later, after some subsequent telephone calls, Mrs. Buczkowicz and the Lubins came to an oral agreement that the Lubins would be able to show the dog. The specifics of the agreement are disputed by the parties. Both parties agree that the Lubins were to show and stud the dog. But while the Lubins claim the stud fees were to be split, Mrs. Buczkowicz stated there was no such agreement. There was no talk of how long the agreement was to last, but Mrs. Buczkowicz testified that it was her impression that she could terminate the relationship with the Lubins at any time.

Mrs. Buczkowicz brought the certificate of registration to the Lubins' house and signed over the registration. The registration was sent to the American Kennel Club and a new certificate was sent out listing Mrs. Lubin as a co-owner. There was controversy regarding the certificate, also, in that Mrs. Lubin claimed that she viewed herself as a part owner while Mrs. Buczkowicz testified that she never meant to part with sole ownership of the dog but signed over the registration merely to facilitate the showing of the dog.

After hearing all the evidence, the trial judge ruled that Mrs. Buczkowicz was the sole owner and granted judgment in her favor, dismissing the counterpetition for injunctive relief for want of equity. On appeal, defendants raise two issues: (1) whether the trial court's finding of ownership in the plaintiff and finding of no co-ownership in defendant was contrary to the manifest weight of the evidence; and (2) whether the court should have granted defendants' counterpetition for injunctive relief.

● 1-3 With regard to the first issue, defendants argue that the court's finding of sole ownership in Mrs. Buczkowicz was against the manifest weight of the evidence because the certificate of registration listed Mrs. Lubin as a co-owner. Defendants claim that this conclusively showed a bona fide transfer of co-ownership to Mrs. Lubin by Mrs. Buczkowicz.

We disagree. Mere documentary title is not conclusive of ownership. (*Ricke v. Ricke* (1970), 130 Ill. App. 2d 563, 264 N.E.2d 285.) The certificate of registration created only a prima facie presumption of title which could be rebutted by other competent evidence of actual ownership. (*Klein v. Pritikin* (1972), 6 Ill. App. 3d 323, 285 N.E.2d 457.) There was other evidence introduced at trial to rebut this presumption. Mrs. Buczkowicz testified that she had no intention of transferring actual ownership of the dog to Mrs. Lubin and that she had Mrs. Lubin's name added to the registration merely to facilitate the showing of the dog. It is the job of the trial court to weigh the evidence presented, including such elements as the demeanor of witnesses, and a reviewing court will not reverse the decision of the trial court where only a question of fact is involved unless the trial court's decision is contrary to the manifest weight of the evidence. (*Menicocci v. Archer National Bank* (1978), 67 Ill. App. 3d 388, 385 N.E.2d 63.) There is sufficient evidence in the record so that we cannot state that the trial court's decision was against the manifest weight of the evidence.

■ Defendants also argue that there was evidence of a joint venture or an agency coupled with an interest and that these theories preclude the trial court's finding in favor of Mrs. Buczkowicz. However, in their pleadings and testimony at trial, defendants asserted a contractual agreement which required a bona fide ownership interest in Ruth Lubin. Defendants now assert these two additional theories for the first time at the appellate level. A party may not try a case upon one theory and then present to the court on appeal, for the first time, another and different theory. *Broberg v. Mann* (1965), 66 Ill. App. 2d 134, 213 N.E.2d 89.

Defendant argues that the joint venture and agency coupled with an interest argument are really just subissues of the first issue on appeal. However, defendant concedes that the gravamen of that issue is co-ownership. Neither the joint venture theory nor the agency theory requires co-ownership in the subject matter to be alleged or proved. Therefore, they cannot be considered as subissues of the co-ownership issue. Since they were not pled or proved at trial, we do not now consider them on appeal.

■ Defendants second issue on appeal is whether or not the court should have granted defendants' counterpetition for injunctive relief. The trial court dismissed the petition for want of equity. We believe the trial court's action was proper. Mrs. Buczkowicz stated that it was her understanding and intent that the contract was terminable at any time. This testimony was uncontradicted. Therefore we believe that the contract was terminable at will. The rule is that performance of executory contracts which are terminable at will cannot be required. (*Gage v.*

*Village of Wilmette* (1924), 315 Ill. 328, 146 N.E. 325.) Therefore, the trial court was correct in dismissing the petition for want of equity.

For the abovementioned reasons, the judgment of the Circuit Court of Will County is affirmed.

Affirmed.

ALLOY and SCOTT, JJ., concur.