DAVID SINGER, Indiv. and as Brother and Next Friend of Jonathan Singer, Plaintiffs-Appellants, v. MAUREEN BROOKMAN, f/k/a Maureen Singer, Defendant-Appellee.

First District (5th Division)   Nos. 1—89—1808, 1—89—2530 cons.

Opinion filed April 5, 1991.—Supplemental opinion filed on denial of rehearing July 19, 1991.—Rehearing denied August 19, 1991.

---

*Justice White concurred with this opinion prior to his retirement.

Jerome Feldman and David Feldman, both of Feldman & Halprin, of Chicago, for appellants.

Steven P. Gomberg and Barbara L. Yong, both of Siegan, Barbakoff & Gomberg, of Chicago, for appellee.

JUSTICE McNULTY delivered the opinion of the court:

This appeal results from the dismissal with prejudice of plaintiffs' two-count complaint against their mother for an accounting and breach of fiduciary duty. The trial judge in the chancery proceeding dismissed the complaint under sections 2—615 and 2—619(a)(4) of the Code of Civil Procedure on the grounds of *res judicata* and insufficiency of the complaint to state a cause of action. (Ill. Rev. Stat. 1983, ch. 110, pars. 2—615, 2—619(a)(4).) He also entered sanctions in the amount of $9,174.30 against plaintiff David Singer and his attorneys pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137). Both plaintiffs appeal the dismissal of their complaint, and David Singer and his attorneys appeal the subsequent award of sanctions.

On April 6, 1987, Larry Singer (plaintiffs' father), filed a petition in the domestic relations division requesting the issuance of a rule to show cause against Maureen Singer (plaintiffs' mother), based on Ms. Singer's alleged failure to supply him with David and Jonathan's checking account information on a regular basis as required by the supplemental judgment to the dissolution of marriage. The petition also sought a "full and regular accounting" of the plaintiffs' earnings since the entry of the judgment for dissolution. Although it was argued that such accounting was justified by virtue of the Uniform Transfers to Minors Act (the UTMA) (Ill. Rev. Stat. 1985, ch. 110½, par. 270), at no time were pleadings introduced specifically alleging a violation of the UTMA.

The trial court determined that Ms. Singer had a duty to account for the children's income and expenditures beginning at the time of the initial judgment for dissolution of marriage (May 1, 1984), but that the obligation not to use the earnings for nonbusiness purposes began with the supplemental judgment and imposed "a new and higher responsibility with regard to the expenditures." After an evidentiary hearing and a complete accounting of all income received, the rule to show cause was denied, as the court found that Ms. Singer had furnished all necessary documentation. However, it was determined that Ms. Singer had allowed some use of the plaintiffs' funds for their non-business-related expenses.

Based on this accounting, the trial judge calculated the amount of the funds which had been used for nonbusiness expenses and ordered that these funds be paid back to the children, and set up a payment plan for that purpose. No appeal was taken from this order of March 23, 1988.

On October 19, 1988, plaintiffs Jonathan and David Singer, by and through the same attorneys who had represented their father in the post-decree proceedings, filed a two-count complaint in chancery seeking an accounting from 1983 forward, and alleging that their mother had used their funds in various checking, saving and investment accounts (opened under the UTMA) for improper purposes. Count I of the complaint sought an accounting of all monies earned and all expenditures made from the custodian accounts since 1983 pursuant to section 20 of the UTMA. (Ill. Rev. Stat. 1985, ch. 110½, par. 270.) Count II alleged a breach of fiduciary duty on the part of the mother by intentionally depleting the custodial accounts, and sought damages in an unspecified amount and punitive damages in the amount of $25,000.

On June 9, 1989, the trial judge in the chancery proceeding granted defendant's motions to dismiss plaintiffs' complaint under section 2—619 based upon *res judicata* and collateral estoppel. He also granted defendant's motions to strike and dismiss under section 2—615 based on technical defects in plaintiffs' complaint. He further granted defendant's request for sanctions under section 2—611 in the amount of $9,174.30, as he found the action was objectively unreasonable by every standard, "unsound both legally and factually, frivolous and vexatious, mean spirited and vindictive."

■ The doctrine of *res judicata* (section 2—619(a)(4) of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(4))) requires a dismissal with prejudice where an action is barred by a prior judgment. In order for this doctrine of preclusion by prior judgment to apply, there must be an identity of parties or their privies, identity of the cause of action and subject matter, and a final judgment on the merits in the earlier suit. *Best Coin-Op, Inc. v. Paul F. Ilg Supply Co.* (1989), 189 Ill. App. 3d 638, 545 N.E.2d 481.

■ The first element to be established for a finding of *res judicata,* is identity of parties. Either the parties in the first action must be identical to the parties in the second action, or they must be in privity with each other, that is, have the same legal rights or interests. In the case at hand, the parties are not identical. The first action involved Larry Singer and Maureen Singer. The second action concerned Jonathan and David Singer and Maureen Brookman (formerly Maureen Singer). However, Larry Singer's legal rights and interest in the first action are the same as plaintiffs' rights and interests in the action at hand. In his post-decree petition, Mr. Singer sought and received an accounting of his children's income and earnings from May 1984 to the present. While Mr. Singer's rights to such an accounting did accrue pursuant to the dissolution of marriage and the supplemental judgment, his only legal interest in these funds is the same as that of his children, the plaintiffs in the present lawsuit. Mr. Singer had no personal stake in the income of the children, and his sole interest in determining how the monies were in fact used was to protect the interest of his children in those monies. Since the plaintiffs' interests in the present action are in the use of their income and earnings by their mother, the defendant in both actions, they are indeed the exact same interests as those of Mr. Singer in the prior action, necessitating a determination of privity between Mr. Singer and his children, Jonathan and David.

Plaintiffs argue that the chancery court's finding of privity is improper based upon the Illinois Supreme Court's decision in *Simcox v. Simcox* (1989), 131 Ill. 2d 491, 546 N.E.2d 609. In *Simcox*, the supreme court considered the issue of whether a subsequent paternity suit brought by a child was barred by a determination of paternity in the dissolution proceeding between her parents. The court held that children are not privies of their parents in dissolution proceedings and, as such, are not bound by findings of paternity in such proceedings unless they are parties to the proceedings. (*Simcox*, 131 Ill. 2d at 497.) The court reasoned that a child's interests were not properly represented in the dissolution proceeding, and therefore, the court's decision could not be binding on the child. This case is distinguishable from *Simcox*, as it does not seek to establish privity with a parent with respect to an issue central to the dissolution itself (such as paternity), in which parent and child may have conflicting interests, but only as to an agreement (the accounting provisions of the supplemental judgment) which was set up solely to benefit the children themselves, and which provided for enforcement by the parent. Furthermore, the trial judge in the post-decree proceeding specifically addressed the issue of the children's representation and said that he would act to protect the interests of the minor children. It should also be noted that plaintiffs' attorneys, who previously represented Mr. Singer, agreed that they had no problem with the judge representing the children's interests in the post-decree litigation.

The case at bar is more factually similar to *Palya v. Palya* (1980), 87 Ill. App. 3d 472, 409 N.E.2d 133, than it is to *Simcox*. In *Palya*, the plaintiffs' (children's) mother brought a post-decree enforcement proceeding concerning the children's rights to certain coins being held for them by their father. After the court determined that the father had misappropriated the coins and ordered the father to make reparations, the children brought suit against their father for an accounting. (*Palya*, 87 Ill. App. 3d at 492.) The *Palya* court held that the subsequent action was barred, as the children were the real parties in interest in both cases because the mother had no interests of her own in the coins themselves. Similarly, the Singer boys are the real parties in interest in both the post-decree enforcement case and the current actions for accounting. This identity of interest provides the basis for a finding of privity.

The second element required for a finding of *res judicata* is identity of subject matter. Plaintiffs maintain that the subject

matter of the lawsuits is not the same in that the prior post-decree proceedings were limited to a review of checking account funds and that such review covered a period of time different from that requested by the present chancery action for an accounting. To the extent the initial accounting did not explore funds in investments other than the checking account, held by the mother, there is no reason that it could not have. *Res judicata* stands as a bar to the relitigating not only the issues which were previously tried, but also those issues which could have been tried. If it had been alleged that all of the children's earnings were not being deposited to the checking accounts, the court could have looked at other accounts, since it had openly stated that it was acting to protect the interests of the children. Similarly, if the plaintiffs, by and through their father, Larry Singer, had originally filed a complaint sufficient to allege a cause of action under the UTMA, they could have requested an accounting from 1983 to the hearing date as they now do.

■ Plaintiffs may not bring a second action after the loss of the first merely by limiting the theories of recovery opened by the pleadings in the first action. (*Best Coin-Op, Inc. v. Paul F. Ilg Supply Co.* (1989), 189 Ill. App. 3d 638, 657, 545 N.E.2d 481, 493.) It is against the principles of public policy as well as *res judicata* to allow plaintiffs to sue for part of a claim in one action and then to sue for the remainder in another action.

■ ■ The third element required for a finding of *res judicata* is identity of cause of action. It is uncontroverted that the post-decree enforcement action, brought by Mr. Singer, and the present actions for an accounting under the UTMA and breach of fiduciary duty are indeed separate and distinct legal theories, requiring different elements of proof. Although the actions rely on different legal theories, each alleges facts for the identical purpose of obtaining a court accounting of the funds being managed by Ms. Brookman on behalf of her children. Our court has held that where the same factual allegations form the basis for the two allegedly different causes of action, the fact that a party proceeds on different theories or seeks different relief does not prevent the operation of *res judicata*. (*Best Coin-Op, Inc. v. Paul F. Ilg Supply Co.* (1989), 189 Ill. App. 3d 638, 652, 545 N.E.2d 481, 490.) Plaintiffs' actions are really just a different means to the same end and are identical for purposes of *res judicata*.

We therefore find that parties, subject matter, and causes of action are identical and that the prior action involved a final judgment. The elements of *res judicata* are therefore satisfied. For this

reason, we affirm the trial court's dismissal of plaintiffs' claim under section 2—619(a)(4).

■■■■ We also affirm the trial court's dismissal of plaintiffs' claims under section 2—615. A trial court may grant a motion to strike and dismiss under section 2—615 of the Illinois Code of Civil Procedure when a complaint does not contain allegations of fact sufficient to state a cause of action. (*Economy Fire & Casualty Co. v. Western States Mutual Insurance Co.* (1964), 49 Ill. App. 2d 59, 198 N.E.2d 723.) As the trial judge found, the plaintiffs' complaint is woefully insufficient. Furthermore, the first requirement in an equitable accounting action is that there is no adequate remedy at law. Since plaintiffs had just had an accounting, they would certainly not be entitled to another one. Furthermore, plaintiffs have failed to allege facts sufficient to implicate either the UTMA or the theory of breach of fiduciary duty. Plaintiffs' complaint wholly lacks any allegations that a transfer of property was made with reference to the UTMA, as required in sections 3 and 10(a) of the UTMA. Plaintiffs' allegation that defendant was "their guardian and custodian of their funds pursuant to the Uniform Transfers To Minors Act" is a mere conclusion of law. The fact that defendant was a signatory, and "in control of their savings, checking and investment accounts," does not establish that these accounts were opened under the UTMA or that they constitute custodial property under the UTMA. Plaintiffs also fail to identify the pertinent accounts for which they are seeking an accounting, including where and when the accounts were opened.

■■■■ Just as plaintiffs fail to allege sufficient facts to sustain a cause of action under the UTMA, so they also fail to allege facts sufficient to sustain a cause of action under their second count, breach of fiduciary duty. In their complaint, plaintiffs state that Ms. Brookman had a fiduciary relationship with Jonathan and David. This is a conclusion of law and not a factual allegation. Furthermore, it is an incorrect conclusion of law in Illinois, as a fiduciary relationship does not exist between a mother and son as a matter of law in this State. (*Chicago Land Clearance Comm'n v. Yablong* (1960), 20 Ill. 2d 204, 206, 170 N.E.2d 145, 147.) In order to establish that such a relationship exists, where one does not exist as a matter of law, the facts must clearly indicate a dominant-subservient relationship between the parties. (*In re Estate of Kieras* (1988), 167 Ill. App. 3d 275, 281, 521 N.E.2d 263, 266.) The only facts offered by plaintiffs in their complaint to support the alleged fiduciary relationship are that Brookman received all their earnings and

paid all their expenses, and that she was a signatory in control of their savings, checking, and investment accounts. These facts indicate only that the mother was in a position to control her sons' accounts, and not that she had any fiduciary duty to deal with these funds in any particular manner. Illinois case law supports the conclusion that in the absence of a specific fiduciary relationship, a parent has the right to the use of a minor child's earnings and services. (*Magee v. Magee* (1872), 65 Ill. 255.) Therefore, the trial court's finding that the plaintiffs' complaint does not establish any predivorce, that is, pre-May 1984, duty of the mother to deal with the sons' earnings in any restricted fashion is correct.

Since the plaintiffs' complaint fails to allege sufficient facts to state a cause of action under either the UTMA or the theory of breach of fiduciary duty, its dismissal by the trial court under section 2—615 was proper. Dismissal with prejudice is proper because of the bar created by *res judicata*.

■■ The trial court awarded sanctions to the defendant pursuant to Supreme Court Rule 137 (134 Ill. 2d R. 137), which requires the court to impose sanctions upon a party and/or their attorneys for filing a pleading unwarranted by existing law and interposed for an improper purpose, such as to harass or needlessly increase the cost of litigation. The purpose of Supreme Court Rule 137, formerly section 2—611 of the Illinois Code of Civil Procedure, is to prevent abuse of the judicial process by penalizing the litigant who brings vexatious or harassing actions that are based on false statements or without legal foundation. (*In re Application of Cook County Collector* (1986), 144 Ill. App. 3d 604, 608, 494 N.E.2d 536.) The allowance of fees and expenses under this provision is entrusted to the discretion of the trial court, and its determination will not be disturbed on review unless there has been an abuse of that discretion. *Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11, 16, 466 N.E.2d 945.

■■ Both plaintiffs and their counsel were well aware of the post-decree dissolution proceedings which fully disposed of the issues which plaintiffs sought to have retried. (In fact, the same counsel represented Mr. Singer in the post-decree action as now represents his sons in the present action.) Counsel never sought to appeal the post-decree judgment, but rather notified defendant (Maureen Brookman) that her sons (plaintiffs in the present lawsuit) were dissatisfied with the results of this litigation and would seek their own court-ordered accounting. Since the present litigation raises neither new issues nor issues which could not have been

raised previously, and since plaintiffs and their counsel were on warning by the trial judge that the present litigation might be barred by *res judicata*, there is no conceivable basis for this action other than to waste the court's time, generate legal fees, and harass the defendant.

■■ Plaintiffs' claims that they were denied a hearing on the issue of sanctions and that sanctions imposed are excessive are also without merit. Plaintiffs had the opportunity to respond to defendant's motion for sanctions in their memorandum filed in response to defendant's request. Furthermore, plaintiffs' counsel did specifically address the sanctions issue at the June 9, 1989, hearing. Additionally, there is a line of cases which permits courts to dispense with a hearing where it is apparent from the pleadings that the assertions were made without reasonable cause and found to be untrue. (*Beno v. McNew* (1989), 186 Ill. App. 3d 359, 365, 543 N.E.2d 533, 537.) Since the trial judge determined that plaintiffs' action was "unreasonable by every standard," he was entitled to award sanctions even without a hearing. Furthermore, the amount of the sanctions was not unreasonable, as such amount was determined after a detailed breakdown of fees and expenses by defendant's counsel. We therefore affirm the trial court's award of sanctions to defendant.

■■ ■ We also find that sanctions are warranted under recently enacted Supreme Court Rule 375(b) (134 Ill. 2d R. 375(b)), which allows this court to impose an appropriate sanction upon a party or their attorney if it is determined "that the appeal itself is frivolous, or that an appeal was not taken in good faith, for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation, or the manner of prosecuting the appeal is for such purpose." An appeal will be deemed frivolous where it is not reasonably well-grounded in fact and not warranted by existing law as a good-faith argument for the extension, modification, or reversal of existing law. Plaintiffs contend that based on the Illinois Supreme Court's decision in *Simcox*, that they had good reason to pursue their appeal. (*Simcox*, 131 Ill. 2d 491.) However, their misapplication of this case cannot be claimed as a basis for pursuing an appeal which is otherwise baseless and a continuation of the grudge match which was begun in the court below. This appeal is just as mean-spirited and vindictive as the case below and sanctions are likewise appropriate. Since an appropriate sanction under Supreme Court Rule 375(b) may include an order to pay to the other party the reasonable costs of the appeal, including attorney fees, we direct defendant to file a statement of reasonable

expenses and attorney fees as a result of this appeal within 14 days. Plaintiff and his attorneys shall have seven days to file a response. This court will then file a supplemental opinion determining the amount of the sanction which will be imposed on plaintiff and his attorney. See *Dreisilker Electric Motors, Inc. v. Rainbow Electric Co.* (1990), 203 Ill. App. 3d 304, 562 N.E.2d 970.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

LORENZ, P.J., and MURRAY, J., concur.

## SUPPLEMENTAL OPINION

JUSTICE McNULTY delivered the supplemental opinion of the court:

In the instant action, the trial judge issued orders on June 9, 1989, and August 29, 1989. The June 9 order granted defendant's motion to dismiss and awarded sanctions. The August 29 order finally determined the amount of the sanctions.

Singer filed appeals on July 3, July 7 and September 15, 1989. Relying on our supreme court's decision in *Marsh v. Evangelical Covenant Church* (1990), 138 Ill. 2d 458, 563 N.E.2d 459, we find that the case under consideration was not ripe for review until August 29, 1989, when the amount of sanctions was finally determined. Consequently, Supreme Court Rule 375 (134 Ill. 2d R. 375), which took effect on August 1, 1989, provides us with the authority to award sanctions on appeal.

Even if Rule 375 had not been in effect at the time of this appeal, we would have awarded identical sanctions pursuant to section 2—611 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—611) although we note that the First District Appellate Court is split as to whether section 2—611 applies to sanctions on appeal. See the third divisions's opinion in *In re Marriage of Pitulla* (1990), 202 Ill. App. 3d 103, 559 N.E.2d 819, and *Harris v. Harris* (1990), 196 Ill. App. 3d 815, 555 N.E.2d 10, which finds that, in light of Rule 375, section 2—611 no longer applies to sanctions on appeal. But see *A & A Acoustics, Inc. v. Valinsky* (1990), 202 Ill. App. 3d 516, 559 N.E.2d 1180, which relies on *Chavez v. Watts* (1987), 161 Ill. App. 3d 664, 515 N.E.2d 146, and awards sanctions for a frivolous appeal based on section 2—611. See also *Beno v. McNew* (1991), 213 Ill. App. 3d 720, for the proposition that

sanctions for the appeal of frivolous lawsuits may be granted pursuant to section 2—611.

■■ Pursuant to our award of sanctions against David Singer and his attorneys, defendant Brookman filed a statement regarding attorney fees and expenses incurred in this appeal. In this statement, Brookman seeks recovery for 61.8 hours of attorney time and 4.5 hours of paralegal time. The attorney time was billed at $185 per hour for six hours and $130 per hour for 55.8 hours for a total of $8,364. The paralegal time was billed at $45 per hour for 4.5 hours for a total of $202.50. Other expenses, including word processing, copying and messenger costs, total $328.49. Thus, Brookman's total claimed expenses are $8,894.99.

Although David Singer and his attorneys claim that 61.8 hours of attorney time is excessive, we find that it is not. In his response to Brookman's verified petition for attorney fees, Singer challenges the necessity of time spent for research, telephone discussions and review of motions as well as the expense of two attorneys at oral argument when only one actually presented the appeal. Singer's arguments about the reasonableness of hours spent in preparation and presentation of Brookman's claim mirror his trial court argument that Brookman had a duty to mitigate expenses. We find otherwise and conclude, as did the trial judge, that "the proper response to malicious prosecution or careless lawyering is *not* to respond in-kind with slovenly preparation or half-hearted advocacy; \*\*\* but rather to validate our professions's righteous outrage and indignation over such conduct with meticulous research, careful analysis, expansive writing and aggressive advocacy."

Accordingly, Brookman is awarded the sum of $8,894.99 for attorney fees and expenses. The plaintiffs' petition for rehearing is denied without prejudice to their opportunity to refile after the issuance of this supplemental opinion.

LORENZ, P.J., and MURRAY, J., concur.