Evalyn Kingman, Appellee, v. Louis S. Kingman, Appellant.

Gen. No. 5,190.

DECREE—*how allowances of solicitor's fees to wife must be supported.* In order that allowances for solicitor's fees and expense money incident to an appeal may be sustained in favor of a wife, the evidence must support such allowances and such evidence must be preserved by certificate of evidence.

Separate maintenance. Appeal from the Circuit Court of Peoria county; the Hon. T. N. GREEN, Judge, presiding. Heard in this court at the April term, 1909. Reversed and remanded. Opinion filed October 19, 1909.

WINSLOW EVANS, for appellant.

COVEY & COVEY, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This is an appeal prosecuted from an order of the Circuit Court of Peoria county, in favor of appellee and against appellant for the payment of $35 weekly, made on the 13th day of January, 1907, ordering that on the 19th day of January, 1909, and on each Tuesday thereafter appellant pay that sum for the support of appellee during the pendency of an appeal to the Appellate Court; and that appellant also pay $75 with which to pay solicitor's fees, and $25 to pay costs and expenses in defending against an appeal by appellant from an order and judgment of that court allowing

$140 solicitor's fees and $35 a week alimony *pendente lite,* made on November 16, 1908, in a suit for separate maintenance begun by appellee September 23, 1908. The appeal from the decree made November 16, 1908, was perfected November 27, 1908, and is case 5191 now before this court. *Post,* p. 466. On December 12, 1908, Evalyn Kingman, appellee herein, filed her verified petition setting up the proceedings in her original case for separate maintenance, and also the proceedings in 5191 in this court up to and including the appeal which was perfected on the 27th of November, 1908; also setting up the financial condition and circumstances of the parties as set forth in her original petition for alimony, etc., and that the defendant as a witness in his own behalf on the hearing of the original case before the master had testified that the salary received by him, appellant, from the Kingman corporations for the year from September 14, 1906, to September 14, 1907, amounted to $3,400 and for the year from September 14, 1907, to September 14, 1908, the salary received by him from the Kingman corporations amounted to $4,000; that on September 14, 1908, his salary had been at his own request decreased to $1,000; that she had not been able to pay her solicitors anything; that she is indebted to various parties and has no means of paying her necessary living expenses, and prays for an order on the appellant to pay such sum as may be necessary for her to defend said appeal and pay the necessary costs and expenses therein and for such other relief as may to the court seem proper. The defendant filed an answer to the petition. The court on the hearing on the petition of December 12th, made the order on January 13, 1909, from which this appeal is prosecuted.

The order appealed from herein further provides that in case of affirmance of the decree of November 16th the payments made for her support under this order be allowed as a credit *pro tanto* on the decree made on November 16th.

It is assigned for error that the court erred in rendering a decree for alimony pending the suit for separate maintenance, and that the allowance of $35 per week is excessive, and that the decree is against the weight of the evidence; also that the court erred in rendering judgment for the $75 solicitor's fees and $25 for other expense money. The opinion in Kingman v. Kingman, *post,* 466, disposes of the question concerning the $35 per week alimony, and it is unnecessary to say anything further concerning that subject.

Concerning the allowance of $75 solicitor's fees and the $25 expense money, there is no proof in the record concerning the reasonable value of the solicitor's fees or the amount of other expense money required to defend against the appeal in 5191, and the certificate of evidence purports to contain all the evidence that was presented at the hearing. It was said in the case of Jones v. Jones, 111 Ill. App. 396, that the allowance of $25 solicitor's fee in a divorce case was the allowance of only a nominal fee, and the decree was sustained on that ground, although there was no proof as to what would be the usual, reasonable and customary fee in such a case. In the case of Hunter v. Hunter, 121 Ill. App. 380, decided by the same court, the same justice writing the opinion that wrote the opinion in the Jones case, it was said: ''No evidence is preserved in the record upon which the allowance of the sum of $100 to appellee, as her reasonable solicitor's fee, can be predicated, and the decree to that extent was improper.'' In Metheny v. Bohn, 164 Ill. 495, in considering the propriety of a decree in a partition suit which allowed a fee to the complainant's solicitors the court said: ''The rule that the evidence to sustain an allowance of this character must be preserved in the record has been repeatedly stated by this court. It was established as a rule in Goodwillie v. Millimann, 56 Ill. 523, where it was said (p. 527): 'As a rule of practice, the evidence upon which such an allowance is made should be preserved in

the record. Where such large sums are allowed and the rights of litigants are likely to be so materially affected they should not be deprived of having a decree reviewed in an appellate court.' And this rule has prevailed whenever the question has arisen since that time, whether in suits for partition or on the dissolution of an injunction or otherwise. * * * 'In fixing the amount of a reasonable fee, the examination should be directed to what is customary for such legal services where contracts have been made with persons competent to contract, and not what is reasonable, just and proper for the solicitor in that particular case. The inquiry should be, not what an attorney thinks is reasonable, but what is the usual charge.' * * * When the question is considered in an Appellate Court, although it is one about which the court is well qualified to form an opinion and upon which it will exercise an independent judgment, the evidence is necessary to a proper review of the allowance, for the purpose of showing what the ordinary and usual charges of solicitors for like services are in the court where the allowance is made, in cases where such fees are the subject of contract between solicitor and client."

In the case at bar the court allowed $100 for solicitor's fees and other expenses for the purpose of defending against the appeal. If courts shall be permitted to adjudge more than nominal sums of money to be paid to parties without any proof on which to sustain their judgments, then the judges of the courts would be arrogating to themselves arbitrary powers. There would, in such event, be no rule to govern the courts, and litigants would be at the mercy of and subject to the caprice of the judges. Where is the dividing line as to whether a fee of $25 or $2,500 should be allowed? It is well known that the customary fees charged in the different counties by competent and able counsel in similar cases for similar services differ very much. The only safe rule for the people is to hold to the established rule. The sum of $100 allowed for

the expenses of defending the appeal cannot be said to be merely a nominal sum. Because there is no evidence preserved in the record as to the value of the services of the solicitors and the necessary expense money, the order is reversed and the cause remanded.

*Reversed and remanded.*