### Anna Louise Garrett, Appellee, v. Robert L. Garrett, Appellant.

### Gen. No. 5433.

DECREES—*how must be supported.* An order for the payment of solicitor's fees or for an allowance rendered by way of alimony, must be supported either by evidence preserved in the record or the decree itself must show that evidence was heard and that upon a consideration thereof the court found the facts and the finding from the evidence must be stated in the order or decree.

Appeal from the Circuit Court of Mercer county; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1910. Reversed. Opinion filed March 16, 1911.

CHURCH & CHURCH, for appellant.

W. J. GRAHAM and GEORGE W. WERTS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

On May 26, 1910, Anna Louise Garrett presented a petition to the Circuit Court of Mercer county showing that on that day a decree had been entered in her favor granting her a divorce and alimony against Robert L. Garrett, and that Robert L. Garrett had prayed an appeal from that decree. The petition which is verified sets up what her necessities are for her support, but does not contain any showing as to what is necessary for her reasonable solicitor's fees and suit money.

On the hearing no showing appears to have been made concerning solicitor's fees or other suit money, and from the decree it would seem that the matter was heard on the petition alone. The court made a decree ordering that appellant pay the sum of $100 to the clerk of the court for complainant's solicitor's fees on each appeal perfected from former decrees entered in this cause, on the presentation to the judge of said court of the certificate of evidence for signature; that the defendant pay $50 per month to complainant as and for alimony from this date until the disposition of said appeal and that on the date of the presentation of the certificate of evidence in this cause to the judge for his signature defendant pay as suit money for the use of complainant the further sum of $100.

The defendant appeals from that decree and assigns for error that the court erred (1) in entering an order for alimony, suit money and solicitor's fees on the same day a decree for divorce was entered, and (2) that the court erred in fixing the suit money and solicitor's fees at an unreasonable amount.

The rule is that either evidence to sustain an allowance of this character must be preserved in the record, or the decree itself must show that evidence was heard and upon a consideration thereof the court found the

facts, and the findings from the evidence must be stated in the decree. There is neither anything in the petition, nor anything preserved in the certificate of evidence, nor any recital of a finding of facts in the decree from evidence heard concerning either the necessities of complainant as to the suit money or the reasonable value of her solicitor's fees. The amounts allowed for those matters are not mere nominal sums. The decree must therefore be reversed. Kingman v. Kingman, 150 Ill. App. 462.

The decree for alimony should also have provided that any payments made on this decree as alimony should be allowed as a credit *pro tanto* on the former decree; otherwise the court was making two allowances for alimony covering the same time. The decree is reversed.

*Reversed.*