DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1920.

---

### Cecilia Grace Gehlbach, Appellee, v. Charles J. Gehlbach, Appellant.

1. DIVORCE, § 110*—*when alimony may be increased.* Alimony was properly increased where the increase was not more than proportionate to the increased cost of living and the increased returns from farming enterprises, where defendant's income was chiefly from a farm.

2. DIVORCE, § 110*—*when alimony may be increased because of additional medical expenses.* A decree for alimony was properly modified so as to require the defendant to pay for unexpected expense in relation to medical attention to the children.

3. APPEAL AND ERROR, § 499*—*when record must show value of solicitor's fees.* Allowance of solicitor's fees on the hearing of a motion for increase of alimony and on appeal was set aside in the absence of proof of the value of such services in the record, or a finding in the decree that such evidence was introduced and that, upon a consideration thereof, the court found that such fees were reasonable, usual and customary.

Appeal from the Circuit Court of Logan county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the October term, 1919. Affirmed in part and reversed in part. Opinion filed April 27, 1920. Rehearing denied October 20, 1920.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

H. F. TRAPP, for appellant.

H. W. MASTERS, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

The parties to this case were divorced for the fault of appellant. A decree was entered requiring appellant to pay to appellee $120 per month for 6 months commencing July 1, 1916, $130 per month for the entire year of 1917 and $135 per month for the year 1918, for her support and maintenance and for the support and maintenance of the three minor daughters of the parties. Certain other provisions were made in the decree by way of alimony for the benefit of appellee and the minor children in regard to the use of the home by them and its repair and the payment of taxes on it by appellant. At the May term, 1919, of the circuit court of Logan county appellee filed her motion to redocket the original case and her petition to modify the original decree for alimony by increasing the monthly stipend. Appellant filed his answer to the petition. After a full hearing it was ordered that the monthly stipend be increased from $135 per month to $150 per month to take effect July 1, 1919, that appellant pay a hospital bill incurred by the oldest daughter amounting to about $60, that he pay appellee $100 for her solicitor's fee in the matter of the proceeding to increase alimony, and in case of an appeal that he pay her a further sum of $100 for her solicitor's fees in the matter of such appeal. In other respects the original decree for alimony remained as it was.

The evidence tended to show that the income of appellant was chiefly from a farm of 460 acres; that the price of farm products as well as the cost of living had advanced since the original decree for alimony was entered; that since that time appellant had ceased

to be county judge and was again entering the practice of the law; that appellant had remarried and had spent the winter in California with his new wife, made a pleasure trip to Cuba and Florida with her and bought her a diamond ring and purchased a new automobile for which he paid $1,425; that appellee had been put to unusual and unexpected expense in caring for her children; that the oldest daughter had had her arm broken twice and the youngest one had had her tonsils and adenoids removed.

So far as the increase in the monthly alimony from $135 to $150 is concerned, it is to say the least not more than proportionate to increase in the cost of living and the increased returns from farming enterprises, and we see no reason for holding that the order for such increase was not entirely justified by the evidence. Neither do we see any reason why he should not pay the $60 hospital bill, and the decree is affirmed in regard to those matters.

The allowance of $100 as alimony to pay appellee's solicitor's fees on the hearing of the motion for increase of alimony and of $100 to pay her solicitor's fees on appeal, while proper on a proper state of facts (*Stillman v. Stillman*, 99 Ill. 196; *Czarra v. Czarra*, 128 Ill. App. 430), cannot be upheld in this case. The rule of law is that the value of such services must be established by proof and that such proof must be preserved in the record, or the decree must show that such evidence was in fact introduced, and that upon a consideration thereof the court found that such fees were reasonable, customary and usual fees for such services. *Garrett v. Garrett,* 160 Ill. App. 512; *Glynn v. Glynn,* 139 Ill. App. 185; *Cash v. Cash,* 180 Ill. App. 37; *McMullen v. Reynolds,* 209 Ill. 504; *Hunter v. Hunter,* 121 Ill. App. 388. There is neither evidence in this record nor finding in this decree as to what the services rendered and to be rendered for which the two $100 items were al-

lowed were reasonably, customarily and ordinarily worth in Logan county.

The decree is therefore reversed as to the two items of $100 each allowed for attorney's fees and cause remanded as to said attorney's fees and is affirmed in all other respects.

*Affirmed in part and reversed and remanded in part.*