ANDREA E. KELLETT, Plaintiff-Appellee, v. MICHELLE ROBERTS, Defendant and Third-Party Plaintiff (Laurie Byrne, Third-Party Defendant; Parrillo, Weiss and O'Halloran, Appellant).

Second District    No. 2—95—0442

Opinion filed November 29, 1995.—Rehearing denied January 4, 1996.

Keely Truax, of Parrillo, Weiss & O'Halloran, of Chicago, for appellant.

John J. Pcolinski, Jr., of Guerard, Kalina & Butkus, of Wheaton, for appellee.

PRESIDING JUSTICE McLAREN delivered the opinion of the court:

Parrillo, Weiss and O'Halloran (Parrillo, Weiss) appeals sanctions imposed pursuant to Supreme Court Rule 137 (155 Ill. 2d R. 137) for filing a frivolous third-party complaint and a frivolous motion to reconsider the sanction order and sanctions imposed pursuant to Rule 219(c) (134 Ill. 2d R. 219(c)) for refusing to answer discovery. We affirm.

The cause arose from an automobile accident in which plaintiff, Andrea Kellett, was injured. Parrillo, Weiss represented defendant, Michelle Roberts. Kellett was a passenger in Laurie Byrne's vehicle. Defendant's vehicle struck the rear of Byrne's vehicle. According to the accident report, defendant stated that she was in the curb lane when she saw Byrne's vehicle come to a stop in front of her. Defendant tried to stop, but hit Byrne's vehicle, causing it to strike the vehicle in front of Byrne's. The report further stated that Byrne indicated that her vehicle was stopped in traffic when it was hit by defendant's vehicle, causing Byrne's vehicle to strike the vehicle in front of her.

On September 20, 1994, defendant, through Parrillo, Weiss, filed a third-party complaint for contribution against Byrne. The third-party complaint alleged, in relevant part, that Byrne was negligent in that she: "(a) Moved at an unreasonable speed; (b) Failed to keep a proper lookout; (c) Failed to give a proper warning to any vehicle(s) involved in this alleged incident; (d) Occupied and/or operated an improperly equipped vehicle; [and] (e) Disobeyed traffic signals, signs or ordinances." The identity of the attorney who signed the pleading is unclear.

On October 21, 1994, defendant was deposed. She testified that the accident occurred when she was sitting at the red light in a heavy rain. The light turned green, and the vehicles ahead of her started to go, and then they stopped. Defendant pushed in the clutch and hit the brake, but she hit the bumper of the car in front of hers. Before the impact, defendant saw the brake lights of Byrne's car go on. Byrne's car had moved about three feet before it stopped, and it

moved at a "normal" speed, about two to five miles per hour. Defendant was unable to see the vehicle in front of Byrne's car, and she did not know whether Byrne's vehicle came to a stop before or after Byrne hit the truck ahead of her. Defendant was unaware of any traffic control device or ordinance that Byrne did not observe. She also was unaware of the condition of Byrne's vehicle, although she knew that the taillights were operational. Defendant did not know where Byrne was looking prior to the accident.

When asked whether she had given any statements about the accident, defendant responded that she filled out a report for her insurance company. Defendant admitted that she had never seen the third-party complaint before the deposition. She also did not know whether Parrillo, Weiss was representing her. Defense counsel instructed defendant not to answer questions regarding what she told the insurance company about the accident and every fact which led her to believe that Byrne's vehicle was moving at an unreasonable speed, was improperly equipped, and that Byrne kept an improper lookout.

On November 3, 1994, defendant filed her answers to plaintiff's interrogatories. Defendant objected to the question asking for the factual basis for the allegations of the third-party complaint on the basis that it was overly broad, vague, and called for narrative and a legal conclusion. Defendant also objected to the question requesting the identity of every witness or person consulted in connection with the allegations of the third-party complaint.

Plaintiff then filed a motion for sanctions pursuant to both Supreme Court Rules 137 and 219(c), arguing that Parrillo, Weiss did not consult with defendant about the allegations of the third-party complaint and that no factual investigation was undertaken by counsel before the preparation and filing of the third-party complaint. Plaintiff further argued that the third-party complaint was filed merely for delay and harassment. She further asserted that defense counsel instructed defendant to refrain from answering questions in an attempt to obstruct plaintiff's investigation. She requested that the court sanction the law firm and the individual attorney who signed the third-party complaint. She also requested that the court enter judgment in her favor for defendant's refusal to comply with discovery. Plaintiff sought attorney fees for work on the preparation of the sanctions motion and for the prove-up of attorney fees and the completion of discovery.

In response to the sanctions motion, defendant moved to strike the motion and to disqualify plaintiff's counsel. The motion failed to respond to the substantive allegations of the sanctions motion other than to argue that plaintiff's counsel sought privileged matters. From

this point in the proceedings, defendant was represented by Parrillo, Weiss attorney Shauna Reitz.

Plaintiff filed a reply and affidavits of witnesses which stated that defense counsel did not interview them. Plaintiff also filed the affidavit of her attorney and a summary of his fees incurred. In defendant's reply to the response, defendant asserted that the motion for sanctions was premature and that the attorney fees requested were "inordinately high and contain[ed] irrecoverable materials."

The parties appeared on January 20, 1995, to argue the motion. However, there is no transcript from that hearing in the record. The matter was continued to January 23 for the court to issue its ruling. On January 23 there was no court reporter present at the hearing. According to the bystander's report, defense counsel was not present. The court stated that it considered the briefs and the arguments of counsel and that it adopted the plaintiff's position.

The court specifically found that the third-party complaint filed by Parrillo, Weiss was "without basis in fact in that the testimony of Defendant *** admitted that Laurie Byrne did not commit any of the negligent acts alleged in the Third Party Complaint." The court further found that: defense counsel "did not conduct a reasonable inquiry into the facts of the accident prior to the filing of the third party complaint on the basis of their [sic] failure to offer any evidence of inquiry or explain said failure"; Parrillo, Weiss "was given ample opportunity to request an evidentiary hearing or present evidence and waived the same"; the attorney fees and other costs requested in the amended affidavit were reasonable and customary; and the refusal to answer discovery and the instruction to defendant not to answer the deposition questions were unreasonable and therefore sanctionable. The court also determined that the motion for sanctions was not premature. The court therefore awarded sanctions of $7,384.55. The written order awarding sanctions failed to specifically set forth the factual findings which were the basis for the sanctions.

On January 26, 1995, defendant caused summons to be issued to Byrne on the third-party complaint. Thereafter, defendant and Parrillo, Weiss moved for reconsideration of the sanction order. The motion asserted that during oral arguments on the motion for sanctions the court declined defense counsel's offer of an *in camera* inspection of the materials related to the communications which Parrillo, Weiss claimed were privileged. Since the hearing, Parrillo, Weiss had obtained a limited waiver of the privilege, and it attached the document defendant signed which was forwarded to the insurance company and then to Parrillo, Weiss. It also attached the affidavit of

attorney Margaret Man, who represented defendant at the discovery deposition. The motion argued that these communications established that a "reasonable inquiry occurred" before the third-party complaint was filed. The motion further argued that the defense of a "sudden stop" was reasonable and that the court's order of January 23, 1995, was insufficient in form and substance.

According to the insurance form, defendant reported to the insurance company that she was sitting at the light waiting for it to change. When the light turned green, the car in front of hers started to go and quickly stopped. Defendant "did the same," but slid into the other car. Defendant's speed was under five miles per hour. Margaret Man's affidavit stated that she represented defendant on October 21, 1994, at the deposition. Ms. Man met with defendant "before the deposition and *** had [a] detailed discussion about the facts of the accident." The affidavit set out essentially what defendant testified to in her deposition.

Plaintiff responded that the motion to reconsider did not contain newly discovered evidence. In addition, plaintiff argued that the "new" evidence would not change the result. Plaintiff asserted that the motion to reconsider was a sanctionable pleading. Plaintiff noted that attorney Man's affidavit had nothing to do with the inquiry Parrillo, Weiss conducted *before* the third-party complaint was filed. Finally, plaintiff requested additional sanctions for time incurred on January 23 and for work on the motion to reconsider. Plaintiff submitted a supplemental affidavit for fees, requesting an additional $2,625.

At the first hearing on the motion to reconsider, attorney Reitz stipulated that the evidence was "not new in substance." The court clarified the order of January 23 by restating the findings the court made orally on that date. The court further found that the motion to reconsider was frivolous and sanctionable. It awarded additional attorney fees as requested in the affidavit. The court found that the fees were reasonable and customary. Attorney Reitz did not object to the award of additional fees or the amount of those fees.

The written order of March 30 states that the court denied the motion to reconsider and clarified the order of January 23 *nunc pro tunc*. It also awarded $2,625 in attorney fees for the frivolous motion to reconsider. Parrillo, Weiss then appealed.

Before addressing the merits of the appeal, we first note that the defendant, Michelle Roberts, is not an appellant, as the sanctions were imposed solely against Parrillo, Weiss. In addition, we have ordered sundry motions taken with the case. Plaintiff moved to strike portions of the reply brief which refer to facts not of record and

which contain misleading and irrelevant arguments. We grant the motion and strike those portions of the reply brief specified in plaintiff's motion. In a second motion taken with the case, Parrillo, Weiss moved to consolidate this appeal with appeal No. 2—95—1006, Parrillo, Weiss' appeal from the denial of *its* motion for Rule 137 sanctions against plaintiff. We deny the motion to consolidate because the facts at issue in that appeal are distinct from those at issue here.

Parrillo, Weiss first contends that the motion for sanctions was premature. Prior to February 1, 1994, Rule 137 stated, in relevant part:

> "All proceedings under this rule shall be within and part of the civil action in which the pleading, motion or other paper referred to has been filed, and no violation or alleged violation of this rule shall give rise to a separate cause of action, or another cause of action within the civil action in question, by, on behalf of or against any party to the civil action in question, and by, on behalf of or against any attorney involved in the civil action in question." (134 Ill. 2d R. 137.)

Rule 137 was amended effective February 1, 1994, to effect the following changes:

> "All proceedings under this rule shall be brought within the civil action in which the pleading, motion or other paper referred to has been filed, and no violation or alleged violation of this rule shall give rise to a separate civil suit, but shall be considered a claim within the same civil action. *Motions brought pursuant to this rule must be filed within 30 days of the entry of final judgment, or if a timely post-judgment motion is filed, within 30 days of the ruling on the post-judgment motion.* (Emphasis added.) (155 Ill. 2d R. 137.)

Parrillo, Weiss argues that the amended rule requires that the motion be filed *only* within the 30-day period after the entry of a final judgment or timely filed post-trial motion.

When analyzing a supreme court rule, we must ascertain and give effect to the supreme court's intent. (*Killoren v. Racich* (1994), 260 Ill. App. 3d 197, 198.) The same rules for statutory construction apply to supreme court rules. (*Killoren*, 260 Ill. App. 3d at 198.) When interpreting an enactment, the court should first look to the language of the statute as a whole and consider each part in connection with the rest. (*In re Petition to Annex Certain Territory to the Village of North Barrington* (1991), 144 Ill. 2d 353, 362.) Courts must also consider the reasons and necessity for the enactment, the evil to be remedied, and the purpose of the statute. (*Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund* (1993), 155 Ill. 2d 103, 111.) The purpose of Rule 137 is to prevent a litigant from abus-

ing the judicial process to harass or cause unnecessary delay or need-lessly increase the cost of litigation. *North Shore Sign Co. v. Signature Design Group, Inc.* (1992), 237 Ill. App. 3d 782, 789-90.

While an amendment is usually presumed to effect a change in the law, if the circumstances suggest that the amendment is intended to interpret the rule, the presumption of a change is rebutted. (See *Hession v. Illinois Department of Public Aid* (1989), 129 Ill. 2d 535, 543.) The commentary to the rule provides that the rule was "modi-fied to clarify when motions for sanctions must be filed." (155 Ill. 2d R. 137, Commentary.) This indicates that the rules committee intended to clarify rather than change the law.

We turn then to cases interpreting the preamendment version of the rule. The court in *In re Custody of Landau* stated that "[a] mo-tion for sanctions must be filed while the trial court has jurisdiction, which extends 30 days after judgment or within such time that a post-trial motion is pending." (*In re Custody of Landau* (1992), 233 Ill. App. 3d 853, 859-60, citing *Gaynor v. Walsh* (1992), 219 Ill. App. 3d 996, and *Marsh v. Evangelical Covenant Church* (1990), 138 Ill. 2d 458.) Reviewing courts have held that a motion for sanctions can be filed at any time while the trial court has jurisdiction of the case. *Pines v. Pines* (1994), 262 Ill. App. 3d 923, 927, citing *Marsh*, 138 Ill. 2d at 563 and *Landau*, 233 Ill. App. 3d at 600.

■ Parrillo, Weiss cites no cases where the motion for sanctions was filed "*prematurely.*" On the contrary, our research has revealed only cases discussing whether the motion was timely when it was filed *more* than 30 days after the final order. We deduce that the clarification was intended to set the outside limit on when the motion must be filed for the court to have jurisdiction to consider it. Such a construction of the rule is consistent with and promotes the rule's prior objective to provide a plain, speedy, and efficient remedy. To ac-cept Parrillo, Weiss' position would preclude the filing of the motion for sanctions until after the frivolous proceedings had been finally terminated. Such an interpretation would further delay the timely disposition of frivolous matters, increase the cost of litigation, and constitute an inefficient use of judicial resources. Parrillo, Weiss' in-terpretation of the rule provides a remedy that is neither plain, nor speedy, nor efficient. We cannot contemplate that the supreme court could have intended such a result. (See *Collins*, 155 Ill. 2d at 110 (statute should be given interpretation that will not produce absurd or unjust result).) We determine the clarification to establish the terminal limit to bring the motion rather than the initial op-portunity. We therefore conclude that the motion for sanctions was timely filed as it was filed within the relevant cause of action and

prior to the final judgment or within 30 days of an order disposing of a properly filed post-judgment motion.

Parrillo, Weiss next contends that the sanction orders must be vacated because the court failed to set forth in a written order the reasons for the sanctions. Rule 137 provides that when a court imposes a sanction it must set forth in the judgment itself or in a separate written order the reasons for the sanction. (155 Ill. 2d R. 137.) Parrillo, Weiss complains that the orders fail to state a reason for the sanctions. We disagree.

■ The purpose of this requirement is to allow the reviewing court to make an informed and reasoned review of the decision to impose sanctions. (*North Shore Sign Co.*, 237 Ill. App. 3d at 791-92.) The sanction orders incorporated, by reference, the plaintiff's written motion for sanctions and adopted the reasoning of the motion. We believe this is sufficient to satisfy the rule because both the motion and the order are in writing and we can determine whether the court's decision was informed, based on valid reasons that fit the case and which followed logically from the stated reasons. (See *In re Estate of Smith* (1990), 201 Ill. App. 3d 1005, 1009-10.) While we determine that this order which incorporated by reference written pleadings is sufficient to enable us to make an informed and reasoned review, the better practice is for the trial court to explicitly state its reasons for the sanctions in the written order.

■ Contrary to Parrillo, Weiss' further argument, the order indicates that sanctions were entered pursuant to both Rule 137 and Rule 219(c) for the refusal to answer the deposition and interrogatory questions. Sanctions were entered against Parrillo, Weiss only, as the court could not determine the identity of the individual attorney who signed the third-party complaint. Finally, the attorney fees were awarded to plaintiff, not her counsel, as Rule 137 provides that the sanctions "may include an order to pay to the other party" the amount of a reasonable attorney fee. See 155 Ill. 2d R. 137.

Parrillo, Weiss further contends that the court abused its discretion in sanctioning it for the third-party complaint. This contention is without merit. Rule 137 requires litigants and their attorneys to conduct an inquiry into the facts and the law before filing a pleading and to certify that the pleading is well-grounded in fact and in law, or that a good-faith argument exists for the extension, modification, or reversal of the existing law. (155 Ill. 2d R. 137.) Whether to impose a sanction for the violation of Rule 137 is a matter of the trial court's discretion. (*Koch v. Carmona* (1994), 268 Ill. App. 3d 48, 56.) The standard for determining whether an attorney violated the rule is an objective one of what was reasonable under the circumstances when

the pleading was filed. *Shea, Rogal & Associates, Ltd. v. Leslie Volkswagen, Inc.* (1993), 250 Ill. App. 3d 149, 153.

The court found that Parrillo, Weiss filed a pleading that was not well-grounded in fact and failed to conduct a reasonable inquiry *before* filing the *third-party complaint.* In the reply brief, Parrillo, Weiss argues for the first time that it made a reasonable inquiry before filing the third-party complaint. This argument is therefore waived. See *Miller v. Miller* (1994), 268 Ill. App. 3d 132, 140.

■ Despite waiver, it is clear that Parrillo, Weiss failed to consult with defendant before the third-party complaint was filed and failed to investigate sufficiently. That attorney Man consulted with defendant before the *deposition* is immaterial; what matters is that Parrillo, Weiss failed to consult with defendant before filing the *third-party complaint.* Moreover, there is nothing in defendant's testimony to support any of the allegations of negligence by Byrne. Contrary to Parrillo, Weiss' assertion, defendant never stated that Byrne started to move while the truck in front of her was stopped. Defendant stated that she could not see if the truck had moved. She also could not determine where Byrne was looking when she started moving. Thus, there was no evidence that Byrne failed to keep a proper lookout. Defendant admitted that Byrne's speed was between two and five miles per hour, and there are no facts to show that this speed was unreasonable. Parrillo, Weiss has failed to explain how Byrne's failure to honk her horn and give a proper warning renders her negligent under these circumstances. Finally, that the traffic control device was green when Byrne started her vehicle established that she did not disobey the device. Parrillo, Weiss' reliance on sections of the Illinois Vehicle Code is misplaced. The third-party complaint failed to allege a violation of any of these sections.

Moreover, a review of the few facts contained in the record establishes Parrillo, Weiss' claims of negligence are sheer speculation. We conclude that the trial court's adoption of the facts alleged in the motions for sanctions was not against the manifest weight of the evidence and that it did not abuse its discretion in sanctioning Parrillo, Weiss for the filing of the third-party complaint.

■ Parrillo, Weiss further contends that the motion to reconsider the original sanction order was neither frivolous nor sanctionable. The sole basis for this argument is that the motion to reconsider argued that the original sanction order did not state any findings. As plaintiff points out, Parrillo, Weiss has ignored paragraphs 1 through 14 of the motion and focuses only on the statement in paragraph 15 that the order was "insufficient in form and substance." In any event, that argument is immaterial because defects in the order itself are

not a basis for the trial court to *reverse* the order. At the hearing on the motion to reconsider, attorney Reitz admitted that there was no new evidence offered and that the motion was not new "in substance." Moreover, the court did not substantively modify the sanction order; it merely clarified it. The motion to reconsider did not present any factual matters to demonstrate that the imposition of sanctions was improper. We therefore conclude that the court did not abuse its discretion in sanctioning Parrillo, Weiss for the motion to reconsider.

Next, Parrillo, Weiss contends that plaintiff's affidavits were insufficient to support the fee awards. Plaintiff responds that Parrillo, Weiss has waived this issue for failing to object to the affidavit. We partially agree, as Parrillo, Weiss failed to object to the amount of the fee imposed for the motion to reconsider. A point not raised in the trial court cannot be raised for the first time on appeal. *Eagan v. Chicago Transit Authority* (1994), 158 Ill. 2d 527, 534.

As for the affidavit relating to the original motion for sanctions, it set forth the skill and standing of plaintiff's counsel, counsel's customary rate, that the rate was similar to that of other local counsel, that the time expended and rate sought were reasonable in light of the complexity of the case, and that the fees were incurred because of the sanctionable pleading. (See *Olsen v. Staniak* (1994), 260 Ill. App. 3d 856, 865-66.) The affidavit also detailed the services performed and the time expended on each task. (See *Brubakken v. Morrison* (1992), 240 Ill. App. 3d 680, 686.) We conclude that the affidavit was sufficient. We reject Parrillo, Weiss' argument that it was insufficient because it listed tasks performed in connection with the discovery violations. The court also awarded attorney fees for the violation of Rule 219(c). The Rule 137 sanctions were not awarded for tasks incurred in connection with the discovery sanction imposed under Rule 219(c).

Parrillo, Weiss' penultimate contention is that the court erred in failing to hold a hearing on the amount of sanctions. Plaintiff responds that Parrillo, Weiss waived a hearing in the trial court. The bystander's report of the January 23 hearing states that the trial court found that Parrillo, Weiss "was given ample opportunity to request an evidentiary hearing or present evidence and waived the same." While a court ordinarily should hold a hearing to determine whether sanctions are warranted, such a hearing may be waived by the sanctioned party. See *Koch*, 268 Ill. App. 3d at 54-55.

Furthermore, Parrillo, Weiss has cited no authority which supports the argument that the trial court *must* hold a hearing on the amount of sanctions or attorney fees. The cases cited by Parrillo, Weiss state that generally the court should hold a hearing (see *North*

*Shore Sign Co.*, 237 Ill. App. 3d at 790-91); however, a hearing is not necessary "if the requirements can be satisfied by looking at the pleadings, trial evidence, or other matters appearing in the record" (*Beno v. McNew* (1989), 186 Ill. App. 3d 359, 366). *In re Estate of Smith*, 201 Ill. App. 3d at 1009, states that the parties should be given an opportunity to present any evidence that may be necessary. A hearing was not necessary here because the trial court had all of the documents before it and Parrillo, Weiss never contested the substantive allegations of the motion for sanctions. (See *North Shore Sign Co.*, 237 Ill. App. 3d at 791.) Because the trial court relied on the legally sufficient affidavit and detailed time sheet and Parrillo, Weiss was not denied an opportunity to present evidence, the trial court did not err in failing to hold a hearing on the amount of fees.

Finally, Parrillo, Weiss contends that the court erred in entering discovery sanctions against it pursuant to Rule 219(c). According to Parrillo, Weiss, because plaintiff did not seek an order compelling answers to the interrogatories or deposition questions, the sanction must be vacated. This argument is without merit. A party may be subject to sanctions under this rule for unreasonably refusing to comply with any of the supreme court rules pertaining to discovery; the failure to comply with an order is another way of violating the rule. (See 134 Ill. 2d R. 219(c).) Sanctions may be imposed when a party has abused or disregarded discovery rules or procedures, and the appropriate sanction for a violation is within the trial court's discretion. *Atwood v. Warner Electric Brake & Clutch Co.* (1992), 239 Ill. App. 3d 81, 89.

█ The court found that the refusal to answer the interrogatories and the instruction to defendant not to answer certain deposition questions were unreasonable and therefore sanctionable. Parrillo, Weiss has failed to argue why, let alone establish, the noncompliance with discovery was reasonable. Statements unsupported by argument or citation of relevant authority do not merit consideration on review. A reviewing court will not become an advocate for, as well as the judge of, points the appellant seeks to raise. (*Holmstrom v. Kunis* (1991), 221 Ill. App. 3d 317, 325.) We therefore cannot say that the trial court's finding was an abuse of discretion. Monetary sanctions were appropriate here because compelling discovery would not advance the litigation, as the court found the third-party complaint was not well-founded.

The order of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS and GEIGER, JJ., concur.