FIRST DIVISION
June 23, 2008

No. 1-06-0472

| | | |
|---|---|---|
| *In re* MARRIAGE of DEBORAH A. THOMPSON, | ) | Appeal from |
| | ) | the Circuit Court |
| Petitioner, | ) | of Cook County |
| and | ) | |
| | ) | |
| LAWRENCE E. THOMPSON, | ) | No. 01 D 16181 |
| | ) | |
| Respondent-Appellant | ) | |
| | ) | |
| (The Muller Firm Ltd., | ) | Honorable |
| | ) | Mark Joseph Lopez, |
| Appellee). | ) | Judge Presiding. |

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

This appeal arises out of a dissolution of marriage proceeding brought by Deborah A. Thompson against Lawrence E. Thompson. The Muller Firm Ltd. (the firm) was appointed by the trial court to represent the parties' children in the proceeding. At issue here is whether the trial court erred in granting the firm's fee petition without first holding an evidentiary hearing on that petition. We hold it did and reverse and remand for further proceedings.

We recite only those facts necessary to this dispute. Deborah filed a petition for dissolution of marriage on October 12, 2001. The parties sought joint custody of their two minor children. On March 1, 2002, the trial court appointed the firm to represent the children under section 506 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/506 (West 2002)). The order listed Todd Walters as the firm's contact.

The firm filed a petition for interim attorney fees on July 30, 2002. On August 23, 2002,

Lawrence moved to disqualify Walters and the firm. Lawrence argued, among other things, that there was a conflict of interest in the firm's representation and Walters was unqualified to hold the position of child representative. The firm moved to strike the motion. After a hearing held on March 18, 2003, the trial court granted the firm's motion to strike. The court held that Walters and the firm acted professionally throughout the proceedings and committed no wrongdoing. Despite this, the court, on its own motion, discharged Walters and the firm from their appointment as the child representative, noting the delays caused by the disqualification dispute. The court directed the firm to file a "final fee petition" within 30 days and appointed a successor child representative.

The firm filed a "petition for setting final fees and costs" on March 26, 2003. The trial court granted the petition on June 26, 2003. The court awarded the firm $20,000. Lawrence was ordered to pay $13,000 of that amount and Deborah was ordered to pay the remaining $7,000. Lawrence moved to vacate the award on July 24, 2003, arguing he was not afforded sufficient discovery to contest the petition. The trial court granted Lawrence's motion and vacated the June 26, 2003, fee award. The court continued the firm's petition for fees until after trial on the dissolution proceedings.

The firm filed an "amended petition for setting final fees and costs" on October 2, 2003. The court denied Lawrence's request for an evidentiary hearing and granted the firm's petition on January 11, 2006. The court awarded the firm $15,000 in fees and costs. Lawrence was ordered to pay $12,500 of that amount and Deborah was ordered to pay the remaining $2,500. Lawrence argues on appeal that the trial court erred in denying his request for an evidentiary hearing on the firm's fee petition. We agree.

Section 506(b) of the Act requires that a child representative be compensated for "reasonable and necessary" attorney fees. Sections 501 and 508 of the Act (750 ILCS 5/501, 508 (West 2002)) govern fee petitions brought under section 506(b). 750 ILCS 5/506(b) (West 2002); see also In re Marriage of Beyer, 324 Ill. App. 3d 305, 753 N.E.2d 1032 (2001) (describing interplay between sections 501 and 508 of the Act).

Section 501 relates to temporary relief and authorizes courts to award "interim attorney's fees and costs," defined by the statute as "attorney's fees and costs assessed from time to time while a case is pending, in favor of the petitioning party's *current* counsel, for reasonable fees and costs either already incurred or to be incurred." (Emphasis added.) 750 ILCS 5/501(c-1) (West 2002). "Except for good cause shown, a proceeding for (or relating to) interim attorney's fees and costs shall be nonevidentiary, summary in nature, and expeditious." 750 ILCS 5/501(c-1)(1) (West 2002).

Section 508 of the Act, on the other hand, governs attorney petitions for final fees and costs. Petitions brought under section 508 require due notice and a hearing. 750 ILCS 5/508 (West 2002). When a petition for fees under section 508 is contested and a hearing is requested, the trial court must hold an evidentiary hearing on the petition. Kaufman v. Kaufman, 22 Ill. App. 3d 1045, 1051, 318 N.E.2d 282, 287 (1974). " 'The rule of law is that the value of such services must be established [by proof] and that such proof must be preserved in the record, or the decree must show that such evidence was in fact introduced, and that upon a consideration thereof the court found that such fees were reasonable, customary and usual fees for such services.' " Jones v. Jones, 48 Ill. App. 2d 232, 240, 198 N.E.2d 195, 199 (1964), quoting Gehlbach v. Gehlbach, 219 Ill. App. 503, 505 (1920). Only where a party fails to request a

hearing may a trial judge rely on the pleadings, affidavits on file and his own experience to award attorney fees in a divorce case. Kaufman, 22 Ill. App. 3d at 1051.

The firm's March 26, 2003, petition, as well as the amended petition filed October 2, 2003, sought *final* fees and costs. As such, the petitions fell within the ambit of section 508 of the Act. Because Lawrence challenged the petition and requested an evidentiary hearing, the trial court erred by refusing to hold such hearing. We reverse on this ground and remand the cause to the trial court to hold an evidentiary hearing on the firm's petition for final fees and costs.

The dissent maintains that the petition for fees was brought under section 501 of the Act, rendering an evidentiary hearing unnecessary in the absence of good cause shown. See 750 ILCS 5/501(c-1)(1) (West 2002). It clearly was not. The firm was no longer representing the children at the time the petition was filed. See 750 ILCS 5/501(c-1) (West 2002) (defining "interim attorney fees and costs" as "attorney's fees and costs assessed from time to time while a case is pending, in favor of the petitioning party's *current* counsel, for reasonable fees and costs either already incurred or to be incurred" (emphasis added)). Also, the petition sought a determination of final fees and costs. If, as the dissent suggests, the trial court treated the petition as one falling under section 501 of the Act, it erred in doing so.

The judgment of the circuit court is reversed and the cause remanded with directions.

Reversed and remanded.

R.E. GORDON, concurs.

GARCIA, J., dissents.

1-06-0472

JUSTICE GARCIA, dissenting.

Each of the three circuit court judges involved in the proceedings below considered whether an evidentiary hearing was required before awarding child representative fees. Each answered "no."

Judge Boyd, during the pretrial proceedings, stated he would allow the respondent to challenge the fees sought by the representative but it would be in a "nonevidentiary hearing. I feel there is no need to take evidence, but I'm going to give you your day in court."

Judge Brewer, the trial judge, the respondent acknowledges in footnote 1 in his main brief, determined that an evidentiary "hearing is not required in regard to assessing fees for a guardian ad litem."

Judge Lopez, during the postdecree proceedings, held that in the absence of a showing of "good cause," which the respondent did not satisfy, he was not entitled to an evidentiary hearing.

Against this consensus position taken by each of the circuit court judges involved in this case, the majority holds that the section 506 fee petition filed by the representative must be vetted at an evidentiary hearing based solely on a request for such a hearing, relying on Kaufman and Jones, cases involving fee disputes under section 508 between parties to a divorce, as authority for this proposition. Slip op. at 3-4.

5

A child representative does not stand in the same shoes as counsel to a party in a divorce proceeding. It is the trial court that appoints counsel for the children. In appointing a child representative, the trial court undertakes a concomitant duty to ensure the child representative acts in accordance with the best interest of the minor children and to ensure that services rendered on behalf of the children are "reasonable and necessary." As a judge presiding over the litigation, the judge acquires direct knowledge of the services rendered by the child representative. This explains the decision by each of the three circuit court judges, that the respondent's mere request for an evidentiary hearing was insufficient to entitle him to one. Unless the respondent gives a good reason for one, the judge, being sufficiently familiar with the litigation, is able to resolve the fee petition without an evidentiary hearing. This familiarity explains Judge Boyd's assessment of the respondent's request for an evidentiary hearing: "I feel there is no need to take evidence."

To be clear, I am not saying an evidentiary hearing is foreclosed to the respondent. Rather, he must make a showing entitling him to challenge the section 506 fee petition at an evidentiary hearing, in this case, by establishing "good cause." This, I submit, is consistent with the observation made by our supreme court in <u>Raintree Health Care Center v. Illinois Human</u>

6

Rights Comm'n, 173 Ill. 2d 469, 495, 672 N.E.2d 1136 (1996), "[C]ourts frequently award attorney fees without discovery by the party charged with paying them and without holding evidentiary hearings," citing Singer v. Brookman, 217 Ill. App. 3d 870, 880, 578 N.E.2d 1 (1991) (attorney fees properly awarded without an evidentiary hearing where "detailed breakdown of fees and expenses" was provided by counsel); Kellett v. Roberts, 276 Ill. App. 3d 164, 175, 658 N.E.2d 496 (1995) ("trial court did not err in failing to hold a hearing on the amount of fees" where fee request was supported by legally sufficient affidavit and detailed time sheet).

I am not convinced that the rule the majority correctly states - - "When a petition for fees under section 508 is contested and a hearing is requested, the trial court must hold an evidentiary hearing on the petition" - - has any application here. Slip op. at 3. Unlike Kaufman and Jones, this case does not involve a fee dispute under section 508 between parties to a divorce, but a section 506 petition by a child representative.[1]

_____

[1]Judge Boyd determined that the alternative dispute resolution provision in section 508 (750 ILCS 5/508(c)(4) (West 2002)) had no application regarding a section 506 petition. Does the majority really mean to suggest the contrary? That is precisely where this decision takes us, by seemingly deciding

The observation that "[s]ections 501 and 508 of the Act [citation] govern fee petitions brought under section 506(b)" (slip op. at 3) explains our conflict; it does not resolve it. That a "final" section 506 fee petition should be treated as if it were a "final" section 508 fee petition based on the reference to section 508 in section 506(b) is not an answer because section 506 also makes reference to section 501 under which a "good cause" showing must be made before an evidentiary hearing need be ordered. Deciding that section 508 governs over the "good cause" provision of section 501 regarding final fee petitions under section 506 requires more than a syllogism: Section 508 requires an evidentiary hearing upon request regarding a "final" fee petition, this is a "final" fee petition under section 506, which references section 508, therefore an evidentiary hearing must be held upon request regarding a "final" fee petition under section 506. At best, the language in section 506 referencing section 508 and section 501 is ambiguous as to which of the sections ought to govern under the circumstances of this case. And, it is this unaddressed ambiguity that provides the bottom-line reason the respondent must lose given the state of this appeal.

In his brief, the respondent makes no argument that the section 506 fee petition involved here should be treated as if it

that this "final" fee petition should be considered solely under the provisions of section 508 regarding "final" fee petitions.

8

were a section 508 fee petition, entitling him to an evidentiary hearing upon request. He simply assumes this is so. The only case the respondent cites as authority for this contention is In re Marriage of Soraparu, 147 Ill. App. 3d 857, 498 N.E. 2d 565 (1986). The respondent contends Soraparu stands for the proposition that an award of fees to an attorney or a guardian ad litem without an evidentiary hearing is improper when the necessity and reasonableness of the fees are disputed. However, our holding in Soraparu is far narrower than the respondent states. The decision in Soraparu turned on the insufficient showing made to support the award to the guardian. Soraparu, 147 Ill. App. 3d at 864. In finding the award to be an abuse of discretion we explained, "Although the guardian testified that he spent '25 hours or more' on this case, no showing was made concerning what particular services were included in these '25 hours or more,' nor was there any indication of their necessity." Soraparu, 147 Ill. App. 3d at 864. In reversing, we remanded the matter "for such hearings as necessary to determine the value of the services rendered by the guardian." (Emphasis added.) Soraparu, 147 Ill. App. 3d at 865. Contrary to the respondent's assertion, we did not order an evidentiary hearing be held on remand. I submit Soraparu stands for the proposition that the circuit court, based on its familiarity with the proceedings, is in the best position to determine the type of hearing required

9

based on the nature of the challenge to the final section 506 fee petition, which is precisely what occurred here.

I submit under Supreme Court Rule 341(h)(7) (210 Ill. 2d R. 341(h)(7)), we need not resolve the undeveloped argument that a final section 506 fee petition must be treated no differently than a final section 508 fee petition in deciding whether an evidentiary hearing should be granted to challenge the fees sought here.

Absent persuasive authority that the respondent is entitled to an evidentiary hearing under the facts of this case, I cannot agree that this cause should be remanded for an evidentiary hearing based on a mere request for one.

I therefore dissent.