NOTICE

Decision filed 10/28/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 231179-U

NO. 5-23-1179

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| ROBERT DORMAN and DOUGLAS HULME, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 23-LA-790 |
| | ) | |
| JOHN GILBERT and SANDBERG PHOENIX & VON GONTARD, P.C., | ) | |
| | ) | |
| | ) | |
| Defendants-Appellees | ) | Honorable |
| | ) | Christopher T. Kolker, |
| (Robert Dorman, Plaintiff-Appellant). | ) | Judge, presiding. |

_____

JUSTICE MOORE delivered the judgment of the court.
Justices Boie and McHaney concurred in the judgment.

**ORDER**

¶ 1   *Held*:   There is sufficient information in the record on appeal to review the circuit court's decision to award sanctions and the sanctions award was not an abuse of discretion.

¶ 2                                    I. BACKGROUND

¶ 3   On July 7, 2023, Robert Dorman and Douglas Hulme,[1] as *pro se* litigants, filed a six-count complaint against the defendants, John Gilbert and Sandberg Phoenix & Von Gontard, P.C. (Sandberg Phoenix). Defendants filed a motion to dismiss the complaint pursuant to sections 2-619(a)(9) and 2-615 of the Code of Civil Procedure (735 ILCS 5/2-619(a)(9), 2-615 (West 2022)).

_____

[1]Douglas Hulme was previously dismissed as an appellant from this matter due to a lack of appellate jurisdiction.

Defendants also filed a motion seeking sanctions from the plaintiffs pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) and a motion to transfer venue. Responses and replies were filed regarding these motions. The pending motions were set for hearing on October 17, 2023.

¶ 4　The day prior to the hearing on the pending motions, attorney Thomas Maag entered a limited scope appearance to represent Dorman and Hulme on the pending motions, and Dorman and Hulme were represented by counsel at the motion hearing. On October 17, 2023, the circuit court entered a written order that dismissed the complaint, granted the motion for sanctions with instructions for defendants to submit their request for fees within seven days and set the matter for hearing on sanctions, and denied the motion to transfer venue as moot.

¶ 5　A sanctions hearing was held on November 21, 2023.[2] The circuit court entered a written order the same day finding that defendants' motion for attorney fees was granted and ordered plaintiffs to pay $9630.25 to Madison County within 14 days of the order.

¶ 6　On November 27, 2023, Dorman[3] filed a *pro se* notice of appeal. The notice of appeal stated as follows:

> "Comes now Plaintiffs, Robert Dorman and Douglas Hulme, *pro se* and SUBMIT THEIR NOTICE OF APPEAL, of this Court's 11-21-2023 order and any other orders necessary for the full review of this file.
>
> WHEREFORE, Plaintiffs request that the 11-21-2023 order be reversed and vacated, all claims against Plaintiff dismissed, and the case be remanded for further proceedings on the merits."

---

[2]The record on appeal does not contain a transcript of the November 21, 2023, hearing, nor a bystander's report or agreed statement of facts.

[3]The *pro se* notice of appeal stated it was filed by Robert Dorman and Douglas Hulme; however, this court has previously ruled that Douglas Hulme did not perfect his appeal.

¶ 7                                    II. ANALYSIS

¶ 8      On appeal, Dorman is again represented by attorney Thomas Maag. Dorman's appellate brief argues the circuit court misapprehended that the present case had been previously litigated, and the order of dismissal should be reversed and vacated. Next, Dorman argues that the circuit court erred in awarding sanctions. He argues that since the case should not have been dismissed, he should not be sanctioned for filing it. Alternatively, he argues that even if the circuit court's award of sanctions was warranted, the order did not comply with Illinois Supreme Court Rule 137(d) because the order did not specify the reasons and basis for the sanction in writing.

¶ 9      Prior to considering the merits of an appeal, "[a] reviewing court must ascertain its jurisdiction before proceeding in a cause of action, regardless of whether either party has raised the issue." *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). As previously indicated, Dorman's *pro se* notice of appeal referred only to the circuit court's order of November 21, 2023. On appeal, Dorman presents arguments regarding the circuit court's dismissal of his complaint, so we must first determine what is properly before this court.

¶ 10      Our supreme court has held that "[*p*]*ro se* litigants are presumed to have full knowledge of applicable court rules and procedures, including procedural deadlines with respect to filing motions." *Steinbrecher v. Steinbrecher*, 197 Ill. 2d 514, 517 (2001). *Pro se* litigants "are not entitled to more lenient treatment than attorneys." *U.S. Bank Trust National Ass'n v. Junior*, 2016 IL App (1st) 152109, ¶ 16.

¶ 11      Illinois Supreme Court Rule 303(b)(2) requires that a notice of appeal "shall specify the judgment or part thereof or other orders appealed from and the relief sought from the reviewing court." Ill. S. Ct. R. 303(b)(2) (eff. July 1, 2017). A notice of appeal confers jurisdiction on a reviewing court to consider only the judgment, order, or part thereof specified in the notice of

3

appeal. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). While a notice of appeal is to be liberally construed, the purpose of the notice of appeal is to inform the other party which circuit court order is to be reviewed. *Id.* The notice of appeal filed by Dorman, no matter how liberally construed, cannot be said to have fairly and adequately set out the order complained of as being the dismissal order entered on October 17, 2023, as the notice of appeal identified a different order entered on November 21, 2023. Accordingly, this court does not have jurisdiction to consider the circuit court's order of dismissal entered on October 17, 2023; however, we do have jurisdiction to consider the order entered on November 21, 2023.

¶ 12 The November 21, 2023, order of the circuit court awarded $9630.25 to be paid by plaintiffs to Madison County, Illinois. The November 21, 2023, order was the final order that followed the October 17, 2023, order which granted the motion for sanctions. On appeal, Dorman argues that if this court reverses and vacates the dismissal of the complaint that the sanctions order should also be reversed and vacated. As we have no jurisdiction to consider the dismissal, we turn to his alternative argument that the sanctions order did not comply with Rule 137(d) and should be reversed and vacated. The appellees counter that it was not an abuse of the circuit court's discretion to award sanctions and that the grounds for imposing the sanction was sufficiently specified.

¶ 13 The purpose of Illinois Supreme Court Rule 137 is to prevent the filing of false and frivolous lawsuits. *McCarthy v. Taylor*, 2019 IL 123622, ¶ 19. Rule 137 applies to attorneys as well as *pro se* litigants. Ill. S. Ct. R. 137 (eff. Jan. 1, 2018).

¶ 14 The circuit court's decision whether to impose sanctions will not be reversed absent an abuse of discretion. *Rankin v. Heidlebaugh*, 321 Ill. App. 3d 255, 260 (2001). However, the appellate court may independently review the record and find an abuse of discretion and reverse

4

either a denial of a motion for sanctions or reverse the granting of a motion for sanctions. *Id.* at 260, 268. "A trial court abuses its discretion with regard to Rule 137 sanctions when no reasonable person could take the view that the court adopted." *Cretton v. Protestant Memorial Medical Center, Inc.*, 371 Ill. App. 3d 841, 864-65 (2007).

¶ 15    Dorman asks us to set aside the sanctions award in this case because the circuit court did not comply with Rule 137(d), which states, "[w]here a sanction is imposed under this rule, the judge shall set forth with specificity the reasons and basis of any sanction so imposed either in the judgment order itself or in a separate written order." Ill. S. Ct. R. 137(d) (eff. Jan. 1, 2018). The purpose of paragraph (d) of Rule 137 "is to allow the reviewing court to make an informed and reasoned review of the decision to impose sanctions." *Kellett v. Roberts*, 276 Ill. App. 3d 164, 172 (1995). " '[T]he better practice is for the [circuit] court to explicitly state its reasons for the sanctions in [a] written order,' but strict compliance with Rule 137(d) is not required when the record otherwise establishes the circuit court's reasoning for the award." *Asher Farm Ltd. Partnership v. Wolsfeld*, 2022 IL App (2d) 220072, ¶ 61 (quoting *Kellett*, 276 Ill. App. 3d at 172).

¶ 16    In the present matter, the circuit court conducted a hearing on October 17, 2023, on both the defendants' motion to dismiss and motion for sanctions. After the circuit court made its oral pronouncement that the motion to dismiss was granted, the parties presented argument on the motion for sanctions. The circuit court then made the following pronouncement:

"This [complaint] is completely meritless. There is no cause of action for this. Not only is there no cause of action for it, but the exact issue was decided by the Appellate Court. When I read that decision and I went through it I was taken aback at why the suit was here. *** So your motion's granted."

5

The circuit court then instructed the defendants to submit their request for attorney fees and set the matter for a subsequent hearing on November 21, 2023.

¶ 17    The defendants presented the affidavit of counsel with billing records which indicated that attorney fees in the amount of $19,260.50 were incurred in defending the action filed by plaintiffs. The defendants requested that half of that amount be awarded as a sanction, and the circuit court agreed and entered a written order on November 21, 2023, for an award of $9630.25 against plaintiffs and in favor of Madison County, Illinois.

¶ 18    The record indicates that a hearing was held on November 21, 2023; however, the record on appeal does not contain a transcript of this hearing. We note, "[i]t is the appellant's responsibility to provide an adequate record on appeal, and in the absence of a complete record, this court is compelled to assume that the missing evidence supports the lower court's decision." *Cretton*, 371 Ill. App. 3d at 862.

¶ 19    The circuit court's order did not contain written specific findings as to the reasoning and basis for awarding sanctions; however, the record on appeal that we were presented sets forth the circuit court's reasoning for awarding sanctions. The circuit court indicated the matter before it was "meritless." The purpose of Rule 137 is to prevent frivolous claims. A frivolous claim is one that is "lacking a legal basis or legal merit," per Black's Law Dictionary. Black's Law Dictionary (12th ed. 2024). Accordingly, we cannot find that it was an abuse of discretion for the circuit court to award sanctions after determining the cause of action was meritless.

¶ 20                                    III. CONCLUSION

¶ 21    Based on the foregoing, we affirm the circuit court's order of November 21, 2023.

¶ 22    Affirmed.

6